<hr />

## STATE v. SEAWOOD.

### Opinion delivered May 8, 1916.

1. LIQUOR—SELLING OR GIVING AWAY—PENALTY.—Under Act 30, p. 98, Acts of 1915, the sale or giving away of intoxicating liquors constitutes a felony, and it repeals all prior statutes so far as they fix a penalty for that offense.

2. CRIMINAL LAW—WORDING OF INDICTMENTS—STATUTORY CRIMES.—In indictments for statutory offenses it is only necessary to use the language of the statute, unless it is apparent that there are elements of the offense not described in that language.

3. LIQUOR—SALE—INDICTMENT—AVERMENT OF FELONIOUS INTENT.—An indictment charging the crime of selling or giving away liquor under Act 30, p. 98, Acts of 1915, is good, although it does not charge that the act was done with a felonious intent.

4. CRIMINAL LAW—INDICTMENTS—AVERMENT OF FELONIOUS INTENT.—An averment that an act was done with a felonious intent is not necessary in an indictment for the commission of a statutory crime, where a felonious intent constitutes no part of the crime.

Appeal from Cross Circuit Court; *W. J. Driver,* Judge; reversed.

.*Wallace Davis,* Attorney General, *Hamilton Moses,* Assistant, and *M. P. Huddleston,* Prosecuting Attorney, for appellant.

The Act No. 30, 1916, does not repeal all other laws on the subject and the penalty prescribed is cumulative.

McCULLOCH, C. J.   The grand jury of Cross County returned an indictment against defendant, charging him with the unlawful sale of intoxicating liquors, and the court sustained a demurrer to the indictment and rendered a judgment discharging the defendant, from which judgment the State has prosecuted an appeal to this court. The record does not disclose the reasons which controlled the circuit judge in sustaining the demurrer, but it is assumed here in the argument of the Attorney General that the decision was based upon the view that the State-wide prohibition statute enacted by the General Assembly of 1915, making the sale or giving away of intoxicating liquors a felony, repealed prior criminal statutes on that subject, and that the offense being a felony the indictment was defective because it failed to allege that the act was feloniously done.

(1)   We think the court was correct in holding that under the law as it now stands, since the Act of 1915* went into effect, the sale or giving away of intoxicating liquors as set forth in sections 2 and 3 of that statute constitutes a felony, and that it repeals all prior statutes so far as they fix a penalty for that offense.   Those sections read as follows:

"Section 2.   After January 1, 1916, it shall be unlawful for any person, firm or corporation to manufacture, sell or give away, or be interested, directly or indirectly, in the manufacture, sale or giving away of any alcoholic, vinous, malt, spirituous or fermented liquors or any compound or preparation thereof, commonly called tonics, bitters or medicated liquors within the State of Arkansas.

*Act 30, Acts 1915 (Rep.)

"Section 3. Any person, firm or corporation who shall violate any of the provisions of this act shall be guilty of a felony, and upon conviction shall be imprisoned in the State penitentiary for a period of one year. No court shall suspend sentence or permit a plea of guilty to be entered and continue the cause for a second offense of the provisions of this act."

The contention of the Attorney General is that the intention of the Legislature was to make the penalty prescribed by the Act of 1915 merely cumulative to the penalties prescribed in the former statutes and not to repeal the same. His contention is, in other words, that all the penalties for selling or giving away intoxicants are preserved, and that the State can elect whether it will treat the offense as a misdemeanor punishable by fine or as a felony punishable by imprisonment in the penitentiary according to the terms of the last statute. Section 4 is relied on as sustaining that view. That section provides as follows: "All parts of laws providing for the issuance of liquor license in the State of Arkansas that are in conflict herewith are hereby repealed, and this act is intended to be cumulative to all present liquor laws prohibiting the issuance of liquor licenses in the State of Arkansas."

Section 4 refers only to prior statutes providing for the issuance of liquor license and has no express reference to prior statutes imposing penalties for illegal sales of intoxicants. Section 2 of the statute makes it unlawful to manufacture, sell or give away intoxicants or to be interested therein, and section 3 declares a violation of those provisions to be a felony. It is within the power of the lawmakers to prescribe the penalty for all criminal offenses, and there may be a graduated penalty running from a single fine to the highest punishment; but in the last statute the Legislature has declared that the commission of the offense shall be a felony punishable by imprisonment in the penitentiary, and that necessarily operates as a repeal of statutes fixing other penalties for the same offense. The last statute, being broader than the

prior statutes on the subject, necessarily submerges them and operates as an implied repeal. Of course, there are statutes fixing penalties for other offenses, related in more or less degree to the offense of selling or giving away of intoxicants or being interested therein, which are not necessarily repealed by this statute; but we are of the opinion that the penalty prescribed by the Act of 1915 for the particular offense mentioned in section 2 is exclusive and that the offense is now a felony, punishable only under indictment.

(2)   The question then arises whether or not it is necessary for the indictment to charge that the offense was feloniously committed. The statute does not, in describing the offense, use the word "felonious." The rule is well settled in this State that in indictments for statutory offenses it is only necessary to use the language of the statute, unless it is apparent that there are elements of the offense not described in that language. There are many decisions of this court to that effect, but nearly all of them are cases where only misdemeanors were charged, and the particular question we have now is whether or not the same rule applies to felony cases.

(3-4)   There appears to be some conflict in the authorities on this subject, but we have a decision of this court directly on the point. In *State* v. *Eldridge*, 12 Ark. 608, which was a felony case, Chief Justice Johnson, speaking for the court, said: "In all cases of felonies at common law and some also by statute, the felonious intent is deemed an essential ingredient in constituting the offense, and hence the indictment will be defective, even after verdict, unless the intent is averred. The rule has been adhered to with great strictness, and properly so where this intent is a material element of the crime. * * * But in cases where this felonious intent constitutes no part of the crime, that being complete under the statute without it, and dependent upon another and different criminal intent, the rule can have no application in reason however it may be upon authority."

In later decisions by this court the rule has been broadly laid down that in cases of felonies it is necessary to charge that the act was feloniously done in order to constitute a good indictment, but those were cases of common law felonies or where the felonious intent was an essential part of the crime.

We are not left without substantial authority from other quarters supporting this view. The Supreme Court of the United States reached the same conclusion in the case of *United States* v. *Staats,* 8 Howard 41, where, after reviewing the common law rule on the subject with respect to the necessity for the use of the word "felonious" in an indictment, the court said: "This view accounts for the necessity of the averment of a felonious intent in all indictments for felony at common law; and, also, in many cases when made so by statute; because, it is used, in the sense of the law, to denote the actual crime itself, the felonious intent becomes an essential ingredient to constitute it. The term signifying the crime committed, and not the degree of punishment, the felonious intent is of the essence of the offense; as much so as the intent to maim, or disfigure, in the case of mayhem, or to defraud, in the case of forgery, are essential ingredients in constituting these several offenses. But, in cases where this felonious intent constitutes no part of the crime, that being complete, under the statute, without it, and depending upon another and different criminal intent, the rule can have no application in reason, however it may be upon authority."

In a later case (*Bannon* v. *United States,* 156 U. S. 464), the Supreme Court of the United States announced the same conclusion, and, after referring to the former decision just cited, said: "In the opinion it was admitted that, in cases of felonies at common law, and some also by statute, the felonious intent was deemed an essential ingredient, and the indictment would be defective, even after verdict, unless such intent was averred; but it was held that, under the statute in question, the felonious intent was no part of the description, as the offense was

complete without it, and that the felony was only a conclusion of law, from the acts done with the intent described, and hence was not necessary to be charged in the indictment.''

The following authorities also announce the same conclusion: *Bolen* v. *People,* 184 Ill. 338, 56 N. E. 408; *Wagner* v. *State,* 43 Neb. 1.

Our conclusion, therefore, is that the indictment in this case stated a public offense within the jurisdiction of the circuit court, and that it was error to sustain the demurrer. The judgment is reversed and the cause remanded with directions to overrule the demurrer, and for further proceedings.

SMITH, J., dissents.