## LEE *v.* STATE.

### Opinion delivered July 5, 1920.

1. CRIMINAL LAW—TIME OF ARRAIGNMENT.—Kirby's Digest, § 2274, obligating the clerk to deliver a copy of the indictment in a capital case to the accused at least forty-eight hours before he shall be arraigned, is mandatory.

2. CRIMINAL LAW—WAIVER OF ARRAIGNMENT.—By entering his plea on arraignment without objection in less than forty-eight hours after delivery of a copy of the indictment to him, defendant waived the right to object to the time of the arraignment.

3. CRIMINAL LAW—SUFFICIENCY OF OBJECTION TO ARRAIGNMENT.—A general objection to arraignment is insufficient to present the specific objection that defendant was not allowed forty-eight hours after delivery of a copy of the indictment before being arraigned.

4. CRIMINAL LAW—SUPPLEMENTAL MOTION FOR NEW TRIAL.—Where defendant filed a motion for new trial which was overruled, whereupon he prayed an appeal, a subsequent supplemental motion for new trial, which was overruled, presented no question for review where there was no prayer for appeal from the order overruling the supplemental motion.

5. CONTINUANCE—POSTPONEMENT TO TAKE DEPOSITIONS.—Where the trial court granted defendant time for taking the depositions of absent witnesses, but they were not taken within the time allowed; refusal to grant further time will not be held an abuse of discretion. where defendant offered no excuse.

6. CONTINUANCE—MOTION SHOULD SHOW DILIGENCE.—Where defendant moved for a continuance in order to procure the depositions or attendance of absent witnesses, the acts of diligence used in procuring such testimony should have been set forth in the motion.

7. CRIMINAL LAW—INSTRUCTION AS TO FAILURE TO TESTIFY.—A requested instruction that it was the privilege of defendant to testify or to decline to do so, and that failure to testify is neither an evidence of guilt nor a presumption of law or .fact of guilt, is correct.

8. CRIMINAL LAW—TIME FOR PRESENTING REQUESTS FOR INSTRUCTIONS. —Under Kirby's Digest, § 2382, providing that "when the evidence is concluded the court shall, on motion of either party, instruct the jury on the law applicable to the case," it was within the court's discretion to refuse requests not presented before the argument begins.

Appeal from Baxter Circuit Court; *J. B. Baker,* Judge; affirmed.

*W. U. McCabe* and *S. M. Bone,* for appellant.

1. The court erred in arraigning and requiring appellant to plead within less than twenty hours after a copy of the indictment was delivered to him. Kirby's Digest, § 2274; 74 Ark. 356.

2. The court erred in refusing to grant appellant an order to take depositions of witnesses in the State of Missouri. 32 Ark. 462.

3. The court erred in refusing a continuance after he had not been given an opportunity to take depositions. It was an abuse of discretion by the court. 71 Ark. 180; 60 *Id.* 564; 42 *Id.* 274; 9 Cyc. 173, 2 a; 90 Ark. 384.

4. One of the jurors was disqualified and a new trial should have been granted. Kirby's Digest, § 4492; 102 Ark. 180; 19 Ark. 156.

5. The court erred in refusing to give instruction No. "1-A," requested by defendant. 144 Mich. 17; Kirby's Dig., § 3088.

*John D. Arbuckle,* Attorney General, and *Silas W. Rogers,* Assistant, for appellee.

1. The record does not sustain appellant's contention that he was forced to plead within forty-eight hours after a copy of indictment was served upon him. According to the record he voluntarily plead "not guilty," and then after he had done so he saved his exceptions to the ruling of the court in forcing him to plead prematurely. There was no ruling of the court to which an exception could have been saved. The arraignment was a mere formality. 86 Ark. 260. And an arraignment before forty-eight hours expired was no wise prejudicial, as he plead not guilty and was not tried until five days later.

2. The petition to take depositions on interrogatories was granted on March 12, 1920. Continuances are within the sound discretion of the court and no abuse of discretion is shown. 32 Ark. 462; 26 *Id.* 323. The proper foundation was not laid for the motion. 54 Ark. 235; 99 *Id.* 583.

3. Defendant's challenges were not exhausted and he should have challenged the incompetent person and failing to do so he can not now complain. 35 Ark. 109.

4. While the instruction complained of was a proper one (110 Ark. 152), there was no error in refusing it, as appellant did not comply with Kirby's Digest, § 2382. Thompson on Trials, § 2358; 96 Ind. 426. The request for the instruction came too late after the opening argument of counsel for defense.

HUMPHREYS, J. Appellant was indicted, tried and convicted in the Baxter Circuit Court for the crime of murder in the first degree, and his punishment fixed at a life term of imprisonment in the penitentiary. From the judgment of conviction, an appeal has been duly prosecuted to this court.

A copy of the indictment was delivered to appellant on the 9th day of March, 1920. On the next day, and within forty-eight hours after a copy of the indictment was delivered to appellant, he was arraigned and entered

a plea of not guilty. After entering the plea of not guilty, and without having withdrawn same, appellant objected to the ruling of the court in arraigning and requiring him to plead at that time.

It is insisted that the court committed reversible error in arraigning and requiring appellant to plead within forty-eight hours after a copy of the indictment was delivered to him. In support of this contention, appellant cites section 2274 of Kirby's Digest, which is as follows: "It shall be the duty of the clerk of the court in which an indictent against any person, for a capital offense, may be pending, whenever the defendant shall be in custody, to make out a copy of such indictment, and cause the same to be delivered to the defendant or his counsel at least forty-eight hours before he shall be arraigned on such indictment; but the defendant may, at his request, be arraigned and tried at any time after the service of such copy."

This section is mandatory, and, had appellant objected he could not have been arraigned until the expiration of forty-eight hours after the delivery of a copy of the indictment to him. Appellant did not object to arraignment, or to entering a plea to the indictment. On the contrary, according to the record, he was arraigned and entered his plea of not guilty. The purpose of the statute was to give one charged with a capital offense forty-eight hours after receiving a copy of the indictment within which to consider what course to pursue in reference to the indictment or what plea to make to it. In the instant case, appellant, having pleaded to the indictment when arraigned without objection, waived his statutory right of forty-eight hours for consideration, and cannot thereafter be heard to complain that he was arraigned before the expiration of forty-eight hours after a copy of the indictment was delivered to him. Again, the objection made to arraignment after appellant had been arraigned and entered his plea of not guilty was not specific. The objection simply stated that appellant objected to being arraigned at that time, and did not give

the ground of the objection. For aught that appears, he may have objected to arraignment for some other reason than the fact that forty-eight hours had not expired after the delivery of a copy of the indictment to him.

It is next insisted that the court erred in refusing to grant a new trial on account of the disqualification of U. I. Hornbuckle, one of the jurors who sat in the case. Appellant sought to show by affidavits that, although U. I. Hornbuckle qualified himself as a juror on his *voir dire,* after the trial it was discovered that he had made statements to disinterested parties to the effect that T. T. Lee was guilty and that he, the said juror, could burn the s— of a b—. The juror, under oath, denied making such statements. This assignment of error cannot be considered by the court on appeal for the reason that the assignment of error was brought into the record by a supplemental motion for a new trial, which was filed in April, after the adjournment of court until court in course. The court necessarily adjourned on the 27th day of March, because, under the law, it was required to meet in Izard County on the 4th Monday in March, which was the 29th day of March. The record recites that "Now, on this ..........day of April, 1920, comes the defendant (appellant) and filed a supplemental motion for a new trial supported by the affidavits of" numerous parties therein named. The prayer for appeal from the judgment herein was made on the 20th day of March, 1920, immediately after the motion for a new trial was overruled. No prayer for appeal was made and no appeal was granted after the supplemental motion for a new trial aforesaid was filed, but the supplemental motion was filed after the original prayer for appeal was made and granted.

Appellant was charged with assassinating K. V. Loba. The evidence disclosed that the said K. V. Loba was assassinated on November 13, 1919, about six o'clock p. m., at his home, near Cotter, in Baxter County. At the time he was assassinated he was sitting at the dining-room table with his back toward the window through which the assassin's bullet came. The bullet entered the

body of deceased on the left side at the lower part of the shoulder blade, ranged upward and came out on the opposite side. The testimony of the State tended to show that appellant had quarreled with deceased over a settlement and threatened to get even with him if it took a lifetime; that, on the night preceding the tragedy, a horse was seen hitched near and a man was seen around deceased's home; that the horse was the same horse appellant was riding at the time of his arrest; that, immediately after the shot was fired, appellant was seen looking from the outside through the window whence the bullet came; that appellant stepped off the porch over the banister and disappeared. That appellant was seen at Cotter at 10:30 p. m.; that the next morning, early, a man resembling appellant was seen on a horse resembling appellant's horse near Pontiac, Missouri, about thirteen miles from Cotter that, at the time appellant was arrested, he was asked whether he intended to kill that man when he shot through the window, to which he responded, "I wanted a settlement;" that at the time appellant was arrested, he had a 38 pistol, wrapped in rags, a false face, a false mustache, a telescope, pistol and Winchester shells.

Appellant's evidence tended to show that he was at Cotter, about five miles from the home of the deceased, between five and six o'clock p. m., on the night deceased was assassinated.

On the twelfth day of March, 1920, appellant moved the court for an order to take the deposition of Ed. Paddock and others, who resided in Missouri, by whom he expected to prove that he was in Jackson County, Missouri, on the night the killing occurred, at a point about 210 miles distant from the scene of the tragedy. The court granted the request. On the 15th day of March, the day set for the trial, appellant renewed the motion. The court refused to grant the motion. It is urged that the court committed reversible error in overruling it. No showing was made as to why the depositions had not been taken under the first order. No good excuse having been

presented, it cannot be said that the court abused its discretion in refusing further time in which to secure the depositions.

The motion for continuance was filed by appellant on the same day in order that he might procure the depositions of said parties and the evidence of John Hon, who lived in Marion County, Arkansas, and who would testify, if present, that, a short time after the tragedy, a man ran into his house and informed him that he had killed a man in the same vicinity where the tragedy occurred and that bloodhounds were chasing him; that the man who made this confession was not appellant. The court overruled the motion for a continuance, which action on the part of the court is urged as reversible error. While the motion alleged that diligence was used to procure the depositions of the Missouri witnesses, none was shown. It was not shown that appellant could not establish his alleged alibi by other witnesses. The alibi sought to be established was in direct conflict with appellant's own witnesses who testified that he was in Cotter at the time of the murder. Neither does it appear that diligence was used by appellant in procuring the attendance and evidence of John Hon. No process had been requested or issued for him. The acts of diligence in attempting to procure the depositions of the Missouri witnesses and the attendance of John Hon should have been shown. *Dent v. People's Bank of Imboden,* 99 Ark. 581, and cases cited therein to the same point.

Lastly, it is insisted that the court erred in refusing to give appellant's requested instruction No. 1-A, which is as follows: "You are instructed that it is the privilege of the defendant to either testify in his own behalf, or decline to so testify. The failure to testify is neither an evidence of his guilt or a presumption of law or fact of his guilt. Such fact is not to be considered by you in determining his guilt or innocence in this case."

This instruction is a correct declaration of the law, but was not requested until the attorney for the State had

made the opening argument and until counsel for appellant had completed their first argument. It is provided by section 2382 of Kirby's Digest that "When the evidence is concluded, the court shall, on motion of either party, instruct the jury on the law applicable to the case." It is said by Mr. Thompson on Trials, section 2358, concerning statutes of this character, that "In several jurisdictions the rule prevails that requests for instructions must be presented to the judge before the commencement of the argument of the cause to the jury, and that, if not so presented, it is not error to disallow them, though the judge may allow them in his discretion. It is an objectionable practice to allow counsel to send up these points after the argument is closed. * * * In Indiana it is not error for the court to refuse to submit interrogatories to the jury after the argument has commenced. At this stage of the proceedings, the court may, but is not bound to, submit them." To the same effect, see, also, *Hege* v. *Newsom,* 96 Ind. 426.

No error appearing, the judgment is affirmed.