## Burrow v. State.

Opinion delivered November 3, 1924.

1. SEDUCTION—INDICTMENT—FELONIOUS INTENT.—An indictment for seduction which charges the crime in the language of Crawford & Moses' Dig., § 2414, sufficiently charges the offense without alleging a felonious intent, since seduction was not a felony at common law, and the statute does not make a felonious intent an essential part of the crime.

2. SEDUCTION—EVIDENCE OF UNCHASTITY.—Exclusion of letters of the prosecutrix to accused, written after he had sexual intercourse with her, and tending to show that she was unchaste prior to the alleged seduction, *held* reversible error.

Appeal from Randolph Circuit Court; *John C. Ashley,* Judge; reversed.

*Schoonover & Jackson* and *Smith & Blackford,* for appellant.

*J. S. Utley,* Attorney General, and *John L. Carter,* Assistant, for appellee.

HUMPHREYS, J. Appellant was indicted, tried and convicted in the circuit court of Randolph County for the crime of seduction, and adjudged to serve a term of two years in the State Penitentiary and to pay a fine of $500 as punishment therefor. From the judgment of conviction an appeal has been duly prosecuted to this court.

Appellant was indicted under § 2414 of Crawford & Moses' Digest, and the indictment is substantially in the language of the statute.

One assignment of error insisted upon by appellant for a reversal of the judgment is that the indictment was fatally defective because it omitted to allege that the crime was committed with a felonious intent. Seduction

was not a felony at common law, where a felonious intent was an essential to the crime. 35 Cyc., p. 1329. The statute does not make a felonious intent an essential part of the crime, so the indictment sufficiently charged the offense without alleging a felonious intent. *State* v. *Eldridge,* 12 Ark. 608; *State* v. *Seawood,* 123 Ark. 565.

The next assignment of error insisted upon by appellant for a reversal of the judgment was the refusal of the court to admit in evidence twenty-four letters written by the prosecuting witness to appellant, in the fall after he had sexual intercourse with her in the spring and summer. These letters tended to show that she was unchaste previous to the alleged seduction, and not merely that her thoughts lasciviously inclined toward appellant, who was charged with seducing her. The letters should not therefore have been excluded, under the rule of evidence announced in the case of *Wilhite* v. *State,* 84 Ark. 67. In that case the letter was properly excluded on the ground that the contents thereof indicated that the prosecuting witness was bent upon sexual intercourse with the defendant, and the court said that it did not lie in his mouth, after he had seduced her, to show her lascivious inclination toward him.

Again, the letters were clearly admissible as affecting the credibility of the prosecuting witness.

There are other assignments of error which it is unnecessary to discuss, as they will not likely recur on the retrial of the case.

On account of the error indicated the judgment is reversed, and the cause is remanded for a new trial.