## Cox *v*. State.

### Opinion delivered May 30, 1927.

1. INDICTMENT AND INFORMATION—POSSESSION OF STILL.—An indictment charging the possession of a still in statutory language *held* not defective for failure to allege a felonious possession, since an indictment for a statutory offense need use only the language of the statute, unless it is apparent that there are elements of the offense not described in such language.

2. CRIMINAL LAW—REPETITION OF INSTRUCTIONS.—Where an instruction which the court refused to give was covered in other instructions, there was no error in the refusal.

3. CRIMINAL LAW—FAILURE OF DEFENDANT TO TESTIFY—INSTRUCTION. —In a prosecution of a felony, refusal of an instruction that defendant's failure to testify was neither evidence nor presumption of guilt, and should not be considered in determining guilt, *held* reversible error in view of Crawford & Moses' Digest, § 3123.

4. INTOXICATING LIQUORS—SUFFICIENCY OF EVIDENCE.—Evidence *held* sufficient to support a conviction of possessing a still.

Appeal from Pike Circuit Court; *B. E. Isbell,* Judge; reversed.

*T. W. Rountree* and *Tom Kidd,* for appellant.

*H. W. Applegate,* Attorney General, and *Darden Moose,* Assistant, for appellee.

MEHAFFY, J. The grand jury of Pike County returned the following indictment, accusing Horace Cox of the crime of possessing a still:

"The grand jury of Pike County, in the name and by the authority of the State of Arkansas, accuse Horace Cox of the crime of possessing a still, committed as follows, to wit: The said Horace Cox, in the county and State aforesaid, on the 15th day of June, 1924, did unlawfully have and keep in his possession a still and stillworm, without registering the same with the proper United States officer, against the peace and dignity of the State of Arkansas. Geo. R. Steel, prosecuting attorney."

Defendant filed the following demurrer:

"Comes the defendant, Horace Cox, and for his demurrer to the indictment states: (1). That the indictment does not state facts sufficient to constitute an offense against the laws of Arkansas. (2). That the indictment

does not state facts sufficient to constitute a felony. (3). That the indictment fails to allege that the defendant did 'feloniously' have in his possession the alleged still and stillworm. (4). That the indictment fails to allege that he had possession of the still and stillworm feloniously.

"Wherefore he prays that the court sustain the demurrer and for all other just and proper relief."

The court overruled the demurrer.

R. W. Stell testified, in substance, that he was in the hardware business at Delight, and has lived in Pike County about 56 years. That he knew the defendant, Horace Cox, and knew Ed Kirkham. He said he went in company with Mr. Kirkham, acting on information, and made an investigation some time in the year 1924, along in the spring. He stated that he went to where Mr. Cox lived, and commenced, about 9 o'clock at night, to search around the place, up and down branches and creeks, and finally, between twelve and one in the night, they decided that it might be closer to his home, and got over in the pasture and found where he had the branch dammed up to hold the water. The still was put up, and two barrels of mash or beer were sitting there near the still. He said they decided it would be ready to run in two or three days, and they fixed everything back like they found it, and went away. While there they found a funnel and a quart cup. Witness said he did not go back with them any more. The place where they found the still was about a quarter of a mile from where the defendant lived. There was a little path, but it did not lead right up to the still. The still was on defendant's premises, inside his pasture, and was right at the place where the dam was across the branch. It was a box still, made out of lumber. Witness does not think it had a metal top, but it had a metal bottom.

Ed Kirkham testified, in substance, that he had lived in Pike County since 1915, the last time; was raised there, and is now in the telephone business. He was deputy sheriff of Pike County during the year 1924. He testified that he knew defendant, Cox, and knew R. W. Stell.

He is also acquainted with Mr. Chaney, former sheriff of the county. Some time in the spring of 1924, witness thinks it was in April, witness and Stell went to the place where Cox lived and searched there until they located a still in the field or woods lot back of his house, something near two hundred yards from the house, on a little stream. Defendant's house faces east, and the still was west or a little northwest of the house, back in the field. It is in the inclosure, but in a patch of woods. He said they found a box still with a metal bottom and the rest wood, and two barrels of beer, with some other stuff. Witness said they then returned to Delight and informed the sheriff, Chaney, and witness and the sheriff went out, two or three nights after that, and found the still just like they first located it, but did not stay long that night. They decided to return again. They went away, and returned several times for the purpose of telling when there would be some whiskey made and when it would be run off. The last time witness and sheriff went about daylight in the morning and stayed until four or five in the afternoon. They were expecting some one to come and run the beer off. Mr. Cox came, and, when they heard him coming, they did not want to be discovered right then, so they tried to make a get-away, but he had a dog that chased them. Mr. Cox ran to their grub-bags, and then he turned and went to his house, and they followed him. When they got to his house, he was sitting there talking to his wife, and said to them he was just telling his wife he was caught, and that Chaney was looking at him while he was drinking beer out of the barrel. Cox then said they might as well go down and pour it out. They went down to the still and made a bonfire out of the whole thing. They found a lye can, and the sheriff asked Cox if he had put lye in the stuff, and he said yes, a little. When witness was looking for the worm, Cox said he would never find it, and he motioned to a hole of water. He went to the water, and pulled the worm out of there. The sheriff told Cox that he could remain with his wife and children, and for him to come to Murfreesboro the next morning and make

bond. Cox said, ''If a man can be that good to me, I certainly will be there.''

Witness did not see Cox at the still directly. It was about 200 yards from the house to the still. Witness had assisted in capturing wildcat stills prior to that time, and indications were that there had been a run made previous to this and preparation for another one.

When they first discovered Cox he was coming from the house towards the still. Witness said there were no other houses near the still; he presumed the nearest one was about a mile. There are other houses in the community. He did not examine to see how close anybody else lived.

J. E. Chaney testified, in substance, that he had served as sheriff about eight years, and was sheriff in 1924. He was acquainted with the defendant and with Ed Kirkham. He went with Ed Kirkham to the place where Cox lived and found a box still and several barrels of mash. Witness had had considerable experience as sheriff in capturing and destroying stills. The still was not in operation. If they were ready to run they would have a cap and worm and fire. Mr. Cox showed witness where the worm was sunk in the branch, but witness does not remember anything but a water-keg that could be used as a cap. He has seen them used that way. They discovered nobody else at the still, and found the defendant near the still. Witness and Kirkham followed defendant on to the house, and, when they got there, he was at the gate, talking to his wife, and he said he had told his wife that witness had caught him; told her that witness was watching him while he drank beer out of the barrel. Cox said they had just as well go down there and pour it out.

There was a path leading from his house in the direction of the still. Defendant told witness where the worm was. Witness said there was a cloud coming up, and he told defendant he could stay with his wife and baby if he would promise to come to Murfreesboro the next morning, and Cox said he would be there. He did not come.

Witness did not see him any more for nine months or a year. The still was located in Pike County.

. Ode Cox, a witness for the defendant, testified, in substance, that he was a brother of the defendant, and moved him to the place where he lived some time in the spring of 1924. Mr. Reynolds was within a quarter of a mile; Mr. Hamby lived within one-half mile, and Haynes lived about half a mile and witness lived about a mile. Witness said he had been convicted in a liquor case and had served time, and got home some time last November.

Defendant was convicted, filed a motion for a new trial, which was overruled, and has appealed to this court.

Appellant's first contention is that the indictment was defective because it did not allege that he feloniously had and kept in his possession a still. That is, he claimed it was defective because it did not use the word felonious.

The rule is well settled in this State that, in indict- . ments for statutory offenses, it is only necessary to use the language of the statute, unless it is apparent that there are elements of the offense not described in that language. As early as the 12th Arkansas the court said, in speaking of statutory offenses of marketing, branding, or altering the mark or brand of any animal:

"The felonious intent is no part of the description, as the offense is complete. without it. The felony is the conclusion of the law from the acts done, with the intent described, and makes part of the punishment, as, under our statute, the prisoner is rendered infamous and also disfranchised. The objection to the indictments therefore is not well founded in law, and consequently the circuit court erred in sustaining the demurrer." *State* v. *Eldridge,* 12 Ark. 609.

This rule has been announced and adhered to in the following cases: *State* v. *Seawood,* 123 Ark. 565, 186 S. W. 72; *Burrough* v. *State,* 166 Ark. 138, 265 S. W. 642. The indictment in this case charges the offenses in the words of the statute, and it was therefore not defective

because the word "feloniously" was omitted. The indictment does charge that defendant unlawfully had in his possession a still, stillworm, etc.

The appellant next contends that the court erred in giving instruction No. 1 on its own motion and refusing to give Nos. 2, 3, and 7½ requested by the defendant. We think that the instructions that the court refused to give were covered in other instructions of the court, and there was no error in refusing to give those mentioned. However, the court refused also to give instruction No. 11, requested by the appellant, which is as follows:

"You are instructed that it is the privilege of the defendant to either testify in this own behalf or decline to so testify. The failure to testify is neither an evidence of his guilt or a presumption of law or fact of his guilt. Such fact is not to be considered by you in determining his guilt or innocence in this case."

The statute itself provides:

"On the trial of all indictments, informations, complaints, and other proceedings against persons charged with the commission of crimes, offenses and misdemeanors, the person so charged shall, at his own request, but not otherwise, be a competent witness, and his failure to make such request shall not create any presumption against him." Crawford & Moses' Digest, § 3123.

This court has said with reference to the above section of the digest:

"In order to give the defendant the benefit of this election, it is the duty of the trial court, when requested at the proper time, to inform the jury that a failure to testify in his own behalf shall not raise any presumption against him. Otherwise a jury might regard the defendant's silence as an admission of guilt and thereby deprive him of the election accorded him by the statute." *Martin v. State,* 151 Ark. 365, 236 S. W. 274; *Threet v. State,* 110 Ark. 152, 161 S. W. 139; *Lee v. State,* 145 Ark. 75, 223 S. W. 373.

The evidence in this case was sufficient to justify the jury in finding defendant guilty, and the instructions

correctly submitted the case to the jury. But, as we have already said, the court erred in refusing to give instruction No. 11 requested by the appellant, and for this error the case is reversed, and remanded for a new trial.