DEMENT *v.* STATE.

5077                                                    370 S. W. 2d 191

Opinion delivered September 9, 1963.

*John C. Watkins,* for appellant.

*Bruce Bennett,* Atty. General, By *Jerry L. Patterson,* Asst. Atty. Gen., for appellee.

JIM JOHNSON, Associate Justice. This appeal involves a petition for writ of error coram nobis. Appellant Joe Dement was charged on two counts with the crimes of burglary and grand larceny. On November 27, 1962, he was arrested, information was filed against him, and he signed a confession of commission of the crimes. Appellant was arraigned December 3, 1962 and entered pleas of guilty as charged. On December 7th appellant was sentenced by the Greene County Circuit Court to two ten-year concurrent sentences in the penitentiary. On December 14th appellant's father caused to be filed a petition for writ of habeas corpus, alleging that appellant "entered a plea of guilty to criminal charges without benefit of advise of council [*sic*] prior to entering his plea to said charges." The writ of habeas corpus was granted that day, and on January 5, 1963, hearing was held on the petition for the writ of habeas corpus. At the request of appellant and with the assent of the State, the petition for writ of habeas corpus was treated by the court as a petition for writ of error coram nobis,

which was denied. Thereafter on January 7th appellant filed a petition for writ of error coram nobis and motion to vacate. On January 12th the trial court sustained the State's motion to dismiss the second petition and on that day entered the order of January 5th finding that the allegations of the petition were not sustained and the prayer of the petition was accordingly denied.

From such order appellant prosecutes this appeal.

It is well settled that under the Fourteenth Amendment of the United States Constitution and Article 2, Section 10 of the Constitution of Arkansas acceptance of a plea of guilty without first giving or offering the accused benefit of counsel constitutes a denial of due process of law. *Swagger* v. *State,* 227 Ark. 45, 296 S. W. 2d 204.

The trial court's order recites that the State admitted that appellant did not have counsel at the time he entered his plea of guilty.

On appeal, appellee argues that "[t]he State admits only to the fact that the appellant had no attorney at the time he entered a plea of guilty, not to allegations that he was denied or not informed of rights to be advised by counsel at any stage prior to his plea of guilty to the charges of burglary and grand larceny. Such allegations remain unsupported."

The record is silent as a tomb on the question of whether appellant was offered counsel and, if so, whether he in fact waived such counsel. In the recent decision of *Carnley* v. *Cochran,* 369 U. S. 506, 82 S. Ct. 884, the United States Supreme Court, in a non-capital felony case, set out this criterion:

"Presuming waiver from a silent record is impermissible. The record must show, or there must be an allegation and evidence which show, that an accused was offered counsel but intelligently and understandingly rejected the offer. Anything less is not a waiver."

In the absence of such an affirmative showing, the judgment is reversed and the cause remanded for further proceedings consistent with this opinion.