Leo JOHNSON and Albert Scott,
Petitioners,

v.

Dan T. STEPHENS, Superintendent of
the Arkansas State Penitentiary,
Respondent.

No. PB–64–C–32.

United States District Court
E. D. Arkansas,
Pine Bluff Division.

June 26, 1964.

E. V. Trimble, Little Rock, Ark., for petitioners.

HENLEY, Chief Judge.

This is a habeas corpus proceeding commenced on behalf of petitioners, Leo Johnson and Albert Scott, teenage youths, who are presently confined in the Arkansas State Penitentiary following their pleas of guilty in the Circuit Court of Lonoke County, Arkansas, to charges of armed robbery. Each petitioner received a sentence of ten years imprisonment.

The petition alleges that the pleas of guilty were entered and the sentences were imposed on February 10 of the current year. On March 13, 1964, counsel for petitioners filed in the Circuit Court a "motion for a new trial." That motion does not appear to have been acted upon.

It is the position of petitioners that they are being deprived of their liberty without due process of law and in violation of the 14th Amendment to the Constitution of the United States. In this

connection they contend that confessions were obtained from them without their being advised of their right to counsel, that they were not represented by counsel when they entered their pleas of guilty and were sentenced, and that they did not effectively waive the assistance of counsel.[1] Certain other claimed violations of due process and of equal protection of the laws need not be mentioned at this time.

The petition was presented to the Court by counsel for petitioners on the afternoon of June 23, 1964. After examining the petition and hearing the statement of counsel in support thereof, the Court found itself unable to say that petitioners had exhausted available State remedies as required by 28 U.S.C.A. § 2254, and entered an order permitting the petition to be filed in forma pauperis and denying it summarily, but without prejudice, as premature. In the order the Court stated that it would shortly file a memorandum discussing the availability to petitioners of State remedies, and the Court now does so.

 Section 2254 insofar as here pertinent provides in substance that in circumstances other than exceptional a federal court may not issue a writ of habeas corpus to inquire into the legality of the confinement of a State prisoner unless such prisoner has exhausted available remedies in the State courts. In Fay v. Noia, 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed. 2d 837, the Supreme Court of the United States made it clear that the State remedies which must be exhausted by a State prisoner before seeking relief by way of habeas corpus in the federal courts are remedies available to him at the time he files his federal petition. That petitioner may have failed to utilize a State corrective procedure available to him at an earlier stage and which can no longer be utilized when the federal petition is filed is not sufficient to bring the prohibition of section 2254 into play. And

in Noia the Court also made it clear that the federal courts have the power and indeed the duty to review in habeas corpus proceedings claims that federal constitutional rights have been violated in the course of State criminal proceedings, and to make independent federal judgments on such claims, although State court adjudications on those claims are or may be entitled to weight and respect.

 There can now be no question that the acceptance of a plea of guilty by a State court or a conviction of a defendant in such a court may constitute a violation of the due process clause of the 14th Amendment if the defendant has not the benefit of counsel. Pickelsimer v. Wainwright, 375 U.S. 2, 84 S.Ct. 80, 11 L.Ed.2d 41; White v. Maryland, 373 U.S. 59, 83 S.Ct. 1050, 10 L.Ed.2d 193; Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799; Carnley v. Cochran, 369 U.S. 506, 82 S.Ct. 884, 8 L.Ed.2d 70; Chewning v. Cunningham, 368 U.S. 443, 82 S.Ct. 498, 7 L.Ed.2d 442; Hamilton v. Alabama, 368 U.S. 52, 82 S.Ct. 157, 7 L.Ed.2d 114.

This principle has been recognized expressly by the Supreme Court of Arkansas in Dement v. State, 236 Ark. 851, 370 S.W.2d 191, and in Swagger v. State, 227 Ark. 45, 296 S.W.2d 204. The Arkansas Constitution of 1874, Art. 2, Section 10, secures to all persons accused of crime in the courts of this State the right to be heard in person and by counsel; and Ark.Stats. 1947, § 43–1203, provides that in all felony cases it shall be the duty of the trial court upon the request of an indigent defendant to appoint counsel to represent him without charge.

With the foregoing principles in mind, the Court turns to the problem at hand, namely, whether petitioners have exhausted State remedies presently available to them.

Prior to the adoption by the Arkansas Legislature in 1957 of the Uniform Post

1. The foregoing statement of petitioners' contentions is based upon the petition itself as amplified by statements of peti-

tioners' attorney made at the time the petition was presented to the Court.

Conviction Procedure Act,[2] which closely resembles 28 U.S.C.A. § 2255, it was perhaps not entirely clear to what extent or by what method a prisoner convicted in Arkansas of a criminal offense could collaterally attack his conviction so as to secure judicial review of claimed violations of federal constitutional rights in connection with the original proceedings against him. The problem was discussed in some detail by Judge Lemley in Scott v. Henslee, E.D.Ark., 104 F.Supp. 218. After discussing the scope of and limitations upon the writs of error coram nobis and habeas corpus, as understood by the Arkansas courts, Judge Lemley dismissed Scott's petition for habeas corpus on the ground that he had failed to show an exhaustion of State remedies. It was said (pp. 220 and 223 of 104 F.Supp.):

"Arkansas recognizes both the writ of error coram nobis and the writ of habeas corpus; * * * petitioner has never applied for coram nobis, and he voluntarily abandoned his habeas corpus proceedings in the state court before the Supreme Court of Arkansas could act with respect to them. We have found no clear-cut Arkansas decisions establishing that coram nobis and habeas corpus are not adequate and appropriate remedies to be employed in attacking judgments in criminal cases which are claimed to have been rendered under circumstances amounting to a deprivation of due process of law. The most that can be said from petitioner's standpoint is that the scope of these writs in Arkansas has not been precisely defined in due process cases, and that the question of their adequacy in such cases may be open or doubtful. This is not sufficient to justify us in retaining jurisdiction. * * *

* * * * * *

"In cases of this kind it is to be kept in mind that the primary re-sponsibility for protecting rights guaranteed by the Fourteenth Amendment to persons accused of crime in the state courts, and for devising effective corrective processes where such rights have been violated, rests upon the states. Mooney v. Holohan, supra [294 U.S. 103, 55 S.Ct. 340, 79 L.Ed. 791]; Moore v. Dempsey, 261 U.S. 86, 43 S.Ct. 265, 67 L.Ed. 543; Young v. Ragen, 337 U.S. 235, 69 S.Ct. 1073, 93 L.Ed. 1333.

"As stated, it is not to be presumed that the state courts will be derelict in their duty to give full effect to federal constitutional rights. Wade v. Mayo, 334 U.S. 672, 679, 68 S.Ct. 1270, 92 L.Ed. 1647; Hawk v. Jones, supra [8 Cir., 160 F.2d 807]. There is nothing in the history of the Supreme Court of Arkansas to indicate that it is indifferent to procedural due process or that it will turn a deaf ear to substantial pleas that constitutional rights have been violated."

Four years after Scott was decided the Supreme Court of Arkansas handed down its decision in Swagger v. State, 227 Ark. 45, 296 S.W.2d 204. In that case Swagger, a 19 year old boy, pleaded guilty to a charge of assault with intent to kill and was sentenced to the maximum of 21 years in the penitentiary for that offense. He was not represented by counsel when he entered his plea and received his sentence. After being committed to the penitentiary, Swagger filed a motion in the sentencing court to set aside the judgment and commitment on the ground that he was not represented by counsel when he entered his plea, and that the acceptance of the plea and imposition of the sentence were violative of due process. The Circuit Court denied the motion and Swagger appealed.

The Supreme Court of Arkansas recognized that a conviction tainted with a violation of procedural due process is utterly void and is subject to collateral

2. Act 419 of 1957.

attack. The Court also held that in Swagger's case the acceptance of the plea of guilty at a time when Swagger had no attorney violated due process, and that the judgment of the Circuit Court must be reversed. As to the procedure followed by Swagger, the Court said (pp. 52–53 of 227 Ark., p. 208 of 296 S.W.2d):

"The State contends that since the defendant had been committed to the penitentiary the court lost jurisdiction to set aside the judgment. This is ordinarily true. * * * But where, as here, the judgment is void because of the want of due process of law, it has no force and effect, and can be vacated at any time. * * *"

In the year following the Swagger decision the Legislature adopted the Uniform Act which has been mentioned, which provided for a collateral attack on a criminal conviction on constitutional grounds by the filing of a petition in the sentencing court, essentially the procedure which had been followed in the Swagger case and which is followed by federal prisoners under 28 U.S.C.A. § 2255. Perhaps unfortunately, the 1959 Legislature viewed the Uniform Act as being disruptive of the orderly administration of the criminal laws and repealed it.[3]

Notwithstanding the repeal of the Act, the Supreme Court of Arkansas has continued to recognize, as it did in Swagger, that other than by direct appeal an Arkansas prisoner is entitled to post-conviction judicial review of his conviction on a claim of deprivation of due process. Dement v. State, 236 Ark. 851, 370 S.W. 2d 191; Grayer v. State, 234 Ark. 548, 353 S.W.2d 148. In Dement the procedure followed was a petition for a writ of habeas corpus filed in the sentencing court, which was converted into a proceeding for a writ of error coram nobis. In Grayer the petitioner sought habeas corpus from the Supreme Court originally. That Court treated the petition as one for certiorari and considered the federal constitutional claim on its merits.

From its consideration of the Arkansas authorities which have been cited, it appears to the Court that a person confined in the Arkansas penitentiary can secure a post-conviction review of a claimed denial of federal constitutional rights either by a motion to vacate the judgment and commitment, or by a petition for a writ of error coram nobis, which motion or petition would be filed in the sentencing court, or by application to the Supreme Court for a writ of certiorari.

The extent to which the Supreme Court would consider in connection with a writ of certiorari due process claims having disputed factual aspects is not clear, and it is doubtful that under Arkansas law a judgment of conviction in a criminal case can be collaterally attacked in the State courts by means of a habeas corpus proceeding. In the latter connection, it has been held that habeas corpus is unavailing in cases where the judgment and commitment of the sentencing court are valid on their faces and where that court had "jurisdiction" of the alleged crime and of the person of the accused. See Morris v. State, 229 Ark. 77, 313 S.W.2d 241; State ex rel. Attorney General v. Auten, Judge, 211 Ark. 703, 202 S.W.2d 763.

The petitioners in the instant case have not filed in the sentencing court any petition for a writ of error coram nobis, nor have they requested that court in terms to "vacate" its judgments and sentences. No application for habeas corpus has been filed in any State court, and no application for any relief has been made to the Supreme Court of Arkansas.

In view of the holdings in Swagger, Grayer, and Dement, supra, it seems to the Court that petitioners do have an existing and adequate State remedy whereby they can raise the constitutional questions which they seek to raise here. For example, if petitioners' motion for a "new trial" has not yet been acted upon,

3. Act 227 of 1959.

the Circuit Court of Lonoke County, if requested to do so, might be willing to treat that motion as an application to vacate the judgments and sentences or for the issuance of a writ or writs of error coram nobis. Taken at face value, the constitutional contentions of petitioners which have been mentioned are by no means insubstantial, but this Court, now as in the past, is not willing to presume that the courts of Arkansas, including its Supreme Court, will refuse to hear them. Of course, if petitioners cannot get a hearing in the State courts, they may return here.

