LEO D. ANDERSON *v.* CITY OF EL DORADO

5282                                              418 S. W. 2d 801

Opinion delivered October 2, 1967

*Brown, Compton & Prewett,* for appellant.

*James Spencer* and *Don Gillaspie,* for appellee.

J. FRED JONES, Justice. This is an appeal from the Union County Circuit Court. The appellant was charged with a violation of Ark. Stat. Ann. § 41-1124 (Repl. 1964), which provides as follows:

> "Every person who annoys or molests any child is a vagrant and is punishable upon first conviction by a fine of not exceeding Five Hundred Dollars ($500.00) or by imprisonment in the county jail for not exceeding six [6] months or by both such fine and imprisonment and is punishable upon the second and each subsequent conviction by imprisonment in the State Prison not exceeding five [5] years."

Appellant was first tried and convicted in the El Dorado Municipal Court. He appealed to the Union County Circuit Court and upon a verdict of guilty at a jury trial, the court fixed punishment of a fine in the amount of $250.00 and six months in the Union County jail. In his appeal to this court, the appellant relies on two points for reversal:

"1. The evidence viewed from its highest probative value, is not sufficient to justify a verdict of guilty of the offense charged, as rendered by the jury of six men.

"2. The Court erred in admitting the testimony of O'Neal Griffin of the El Dorado Police Force, wherein he was permitttd to repeat a statement alleged to have been made by the defendant before the Municipal Court affirming a statement he was purported to have made to the police officers immediately following his arrest, and at a time when he had not been apprised of his constitutional rights."

We are of the opinion that there was ample evidence to sustain the conviction under the first point relied on by the appellant, but that the judgment must be reversed and the cause remanded for a new trial under the second point.

The precise question presented here, and the one on which we base our decision, is whether or not a confession made to police officers during their investigation and which is barred as admissible evidence under amendment VI of the United States Constitution can, nevertheless, be proven by rebuttal to a denial on cross-examination when offered in the form of a judicial admission at a previous court hearing that such confession had previously been made to the police officers.

The facts in this case briefly are as follows: On the evening of October 28, 1966, two young brothers, 14 and 12 years of age, had finished with their separate paper routes in El Dorado and had started home traveling separately on their bicycles. The older child had stopped at a newsstand, and as he came out of the newsstand, a man, whom he later identified as the appellant, stopped him and asked if he was making much money on the paper route. The child talked with the man a few minutes and started on home. When the boy reached a rail-

road crossing on his way home, the same man was sitting in his automobile stopped at the crossing waiting for a train to cross. The man again spoke to him and offered him Two Dollars to get into the automobile. When the boy refused, the man offered Five Dollars and advised the child of perverted sexual desires. The child refused to get into the automobile but went on home and related the incident to his mother. The mother called the city police and gave them a description of the man and the automobile, including its make, color, and the first two digits of the license number, as related to her by the child. In the meantime, the younger child arrived home, and apparently not aware of his brother's experience, related a similar offer of Two Dollars, then Five Dollars, to go riding with a man in an automobile of the same description as related by the older boy.

When the appellant was first arrested, he was charged with driving without a driver's license and was taken to the police station. The boys reiterated to the police officers, in appellant's presence, what had been said to them and identified the appellant as the one who had said it.

According to Police Officer Brewster, he advised appellant of his constitutional rights against self-incrimination and to the benefits of counsel, after which the appellant admitted he had talked to the boys and had said the things they accused him of saying.

At his trial in the El Dorado Municipal Court, appellant testified in his own defense. He denied in Municipal Court, as well as in circuit court on trial de novo, that he had talked with the boys at all. The primary question at the trial on the merits, concerned the identification of the appellant as the man involved. The boys testified at the trial in circuit court as to what was said to them, and they identified the appellant as the one who had said the things he was accused of saying. We are of the opinion that the testimony of the boys alone, if believed by the jury, was sufficient evidence to sus-

tain the conviction. *Cook* v. *State,* 196 Ark.; 1133, 121 S. W. 2d 87; *Martin* v. *State,* 151 Ark. 365, 236 S. W. 274.

At the trial in circuit court on appeal, and in anticipation of the prosecution offering proof as to a confession made by the appellant to the arresting officers, a hearing to determine the voluntary nature of the confession was properly conducted by the trial court in chambers, out of hearing of the jury. Officer Brewster testified in chambers that the appellant denied at his trial in Municipal Court that he talked with the boys, but did admit in Municipal Court that he had told the police officers that he had talked with the boys. The appellant denied making a confession or any admission of guilt to the police officers and denied being advised at all as to any of his constitutional rights.

At the conclusion of the proceedings in chambers, the trial judge announced his decision as follows:

> "... It is going to be the ruling of the Court that the admission or confession of this defendant was made voluntary, that it was made without coercion, duress, threat, abuse, enticement, or promise. However, it is not clear to my satisfaction that it was made after he was apprised of his Constitutional rights of an Attorney. That is a burden on the City to prove, therefore, it is going to be the ruling of the Court that such statement was made in response to interrogation without first advising the defendant of his right to counsel and, therefore, inadmissible."

In anticipation that the prosecution might attempt to prove that the appellant had testified in Municipal Court that he had confessed his guilt to the arresting officers, the appellant's attorney sought a ruling of the court on admissibility, and the court ruled as follows:

> "I don't see why such statement is inadmissible. I think that any statement made in open court is a judicial statement and if he now denies such state-

ment, the City may prove same, after laying a foundation and further, such statement is not collateral.''

Upon returning from chambers and resumption of the trial before the jury, the appellant testified in his own behalf as to his activities and whereabouts during the day and night before and after his arrest, and on cross-examination, over the objections of the appellant, he was asked questions and gave answers as follows:

"Q. Did you testify in Municipal Court at the time you were tried before Judge Ragsdale?

A. Yes, sir.

Q. Did you say that time you admitted doing what you are accused of doing here?

A. No, sir.

Q. You did not?

A. No, sir.

Q. You are sure of that?

A. I told him I was not guilty of that charge his officers placed on me.

Q. I asked you if you made a statement then. But you have previously made a statement that you had done what you are here accused of; have you stated that you made no such statement in Municipal Court?

A. I did not say I was guilty in Municipal Court.

Q. That's not exactly what I asked and I think you are smart enough to know the difference. What I asked you is did you make a statement in Municipal Court what you said you

had previously admitted the charges that are here brought against you in Municipal Court?

A.  No, sir.''

At the close of the defendant's evidence, the prosecuting attorney then called Officer O'Neal Griffin as a witness in rebuttal and, over the objections of the appellant, he was questioned and gave answers as follows:

"Q.  Did you [sic] make any statement in Municipal Court?

A.  He said that he had told us that he did talk to the boys.

Q.  Did he say anything about whether he had talked to them along the line that they had accused him of talking to them?

A.  He said he had.''

Amendment VI to the Constitution of the United States is as follows:

"In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the state and district wherein the crime shall have been committed, which district shall have been previously ascertained by law, and to be informed of the nature and cause of the accusation; to be confronted with the witnesses against him; to have compulsory process for obtaining witnesses in his favor, *and to have the assistance of counsel for his defense.*'' (Emphasis supplied.)

Article 2, § 10 of the Arkansas State Constitution is as follows:

"In all criminal prosecutions the accused shall enjoy the right to a speedy and public trial by impartial jury of the county in which the crime shall

have been committed; provided that the venue may be changed to any other county of the judicial district in which the indictment is found, upon the application of the accused, in such manner as now is, or may be, prescribed by law; and to be informed of the nature and cause of the accusation against him, and to have a copy thereof; and to be confronted with the witnesses against him; to have compulsory process for obtaining witness in his favor, and to be heard by himself and his counsel.''

At the close of the hearing in chambers, the learned trial judge correctly stated the law pertaining to the admission of confessions in the prosecution of criminal cases. We agree with the trial court's opinion announced in chambers that the confession accredited to the appellant by Officer Brewster was made before appellant had been apprised of his right to counsel, and that the statement was, therefore, inadmissible under the United States Supreme Court decision of *Miranda* v. *Arizona*, 384 U. S. 436, 16 L. Ed. 2d 694.

Even before Miranda, in the case of *Dement* v. *State*, 236 Ark. 851, 370 S. W. 2d 191 (1963), this court said:

"It is well settled that under the Fourteenth Amendment of the United States Constitution and Article 2, § 10 of the Constitution of Arkansas acceptance of a plea of guilty without first giving or offering the accused benefit of counsel constitutes a denial of due process of law.''

In that case we cited *Carnley* v. *Cochran*, 369 U. S. 506, 82 S. Ct. 884, where it was stated:

"... the record must show, or there must be an allegation and evidence which show, that an accused was offered counsel, but intelligently and understandingly rejected the offer. Anything less is not a waiver.''

Thus it is seen that under amendment VI, *supra,* the right to the assistance of counsel for defense in a criminal prosecution, is a right to *have* the assistance of counsel, and since *Miranda* v. *Arizona, supra,* there is no question this right to *have* the assistance of counsel is of the same dignity as the other rights the accused shall enjoy under amendment VI.

As a general rule the trial court was correct in holding that a statement made in open court is a judicial statement and admissible as evidence against the accused at a subsequent trial, *Barnhardt* v. *State,* 169 Ark. 567, 275 S. W. 909, but this is not true when the statement was inadmissible as in violation of constitutional rights in the first place.

The case of *Bayless* v. *United States,* 150 F. 2d 236, is a case in point. In that case, Bayless signed a confession to bank robbery when he was arrested. He pled guilty in court and was sentenced. At a hearing on a petition for habeas corpus, the court found that the defendant had not intelligently waived his right to counsel and had not been advised of his constitutional right to counsel. His plea of guilty was held void and he was granted a new trial. At the subsequent trial, Bayless was asked on cross-examination if he had previously confessed and if he had not previously entered a plea of guilty. In again reversing the conviction, the Eighth Circuit Court of Appeals said:

"The fact that this tainted evidence was offered as part of the cross-examination of defendant, is, we think, quite immaterial. The coerced confession and plea were used to convict the defendant, and as said in *Malinski* v. *People of the State of New York, supra,* 'Constitutional rights may suffer as much from subtle intrusions as from direct disregard.'

"We again point out that here the confession and plea of guilty have been adjudged to be coerced, and

hence, there seems to be no escape from the conclusion that the conviction based, we must assume, in part at least upon this tainted evidence can not stand. The judgment appealed from is therefore reversed and the cause remanded with directions to grant defendant a new trial."

We are of the opinion that the trial court was correct in holding that the statement made by the accused "was made in response to interrogation without first advising the defendant of his right to counsel and, therefore, inadmissible."

We are of the further opinion that when the front door was thus barred by constitutional amendment, and properly closed to the admission of the proposed evidence by the trial court in this case; that same evidence could not be entered through the back door disguised in the robes of a judicial admission.

For the error indicated, the judgment of the trial court is reversed and this cause remanded to the Union County Circuit Court for a new trial.

Reversed and remanded.

HARRIS, C. J. and FOGLEMAN, J., concur.

JOHN A. FOGLEMAN, Justice, concurring. I concur in the result, but am not willing to accept all the inferences that might be drawn from the majority opinion. Appellant was arrested on Thursday, October 27th, and while at the police station he made several telephone calls. He was released on bond at 5 a.m. on Friday and went home. He returned to El Dorado Municipal Court that afternoon and announced ready for trial.

This evidence offered was not that of a statement made during in-custody interrogation. As a voluntary statement made while testifying in open court or a comment during the course of arraignment and trial when

there was available to him all the safeguards which a court can afford, I do not think this would have been prohibited by the *Miranda* decision. Appellant had been released from custody, had the opportunity to avail himself of the services of counsel and doubtless would have been allowed additional time to do so had he needed it. Yet, I agree that the testimony should have been excluded, after objection, because there is no showing of the circumstances under which this statement was alleged to have been made in the Municipal Court. If made on cross-examination after objection, it would have been inadmissible in my opinion. But if made under circumstances showing it to be voluntary, I would hold otherwise. Under the *Miranda* decision the burden is on the prosecution to establish a knowing and intelligent waiver of constitutional rights, and I think this rule should be applied here.

I want to make it clear that I deem it unnecessary to appoint counsel for indigent defendants on misdemeanor charges. I fear that some of the language in the majority opinion might be taken as an expression of such a necessity, although I do not think it is so intended.

I am authorized to state that the Chief Justice joins in this opinion.