Opinion by
 

 Baldrigb, J.,
 

 The defendant, Charles Baker, was convicted of bribery under section 303 and corrupt solicitation of a public officer under section 304 of the Penal Code of June 24, 1939, P. L. 872, 18 PS §§4303-4304. The court set aside the conviction of bribery and imposed a sentence on the second bill charging corrupt solicitation.
 

 Isidore E. Dein had been placed under arrest by Officer Emery of the Pennsylvania Motor Police, on the charge of impersonating an officer. This appellant, who was a friend and fellow employe of Dein, attended the trial before the magistrate. Dein was held in $1,000 bail. The appellant immediately thereafter said to Emery, who ,was standing in the magistrate’s office: “Come here a moment.” Emery’s testimony as to what then occurred is as follows: “We walked over to the vestibule of the magistrate’s office and he told me then, he said, ‘Did you get that cue?’ I said ‘What cue?’ He said, ‘What the magistrate said.’ I said, ‘What?’ and he said, ‘If there is no other, further hearing upon this case, I will see you in Court.’ He said to me, ‘You get a further hearing upon this case, we will kill it.’......
 
 *561
 
 ‘We will fix this up the Philadelphia way. There is plenty of money in Philadelphia. I will take care of you.’ ” The appellant gave Emery his phone number in Philadelphia and told him to write it down “in case you want to get in touch with me.”
 

 It is true that the defendant denied the testimony of Officer Emery, who was corroborated in part by other officers. He stated that the magistrate said there was a lot of money in Philadelphia; that Emery invited him to have a talk, stating that the case could be fixed up before the grand jury convened and asked him (Baker) what it would be worth. He claims that the Commonwealth’s evidence was insufficient to warrant a conviction on the indictment charging corrupt solicitation even assuming that Emery’s testimony was true, as when the alleged solicitation was made the hearing before the magistrate was over and Dein had been held for court so that Emery could not “kill” or “fix” the case.
 

 We think Emery’s narration of what the defendant said, which was accepted by the jury, can be interpreted only in one way. It is very plain that the purpose of Baker was to try to influence the behavior and actions of the officer, and through his aid get a further hearing and eventually obtain Dein’s release. In that event the defendant would give money to the officer for his services.
 

 The appellant further contends that as he was released from the charge of bribery it follows that he is innocent of corrupt solicitation, which is but an attempted bribery, and an attempt to bribe, in the contemplation of the law, is bribery. It is clear, however, that the legislature of 1939 had in mind two separate and distinct offenses. One, under section 303, is bribery, and the other, under section 304, is offering or promising-money or other thing of value to influence a public officer in the discharge or performance or nonperform
 
 *562
 
 anee of his duties. Our constitution recognizes the distinction between bribery and corrupt solicitation — see Constitution Art. Ill, sections 30 and 31. The mere fact that the evidence did not support the bribery or the actual passing of money does not relieve this appellant of corrupt solicitation.
 

 The appellant also complains of the trial court’s instruction to the jury, stating that if they believed the testimony of three of the officers “it would seem that your verdict would be guilty.” Immediately thereafter and in the same connection the court went on to say: “If you do not believe the Commonwealth’s testimony, or if you have a reasonable doubt as to the Commonwealth’s testimony, or, if you feel upon the testimony that what was said did not constitute an offense, or offenses under the Acts of Assembly that I have directed to your attention, then your verdict similarly, would be a verdict for the defendant, or a verdict of not guilty.”
 

 We think that those instructions could not have been reasonably misunderstood or be interpreted to mean that the trial judge, in excess of his authority, withdrew from the consideration of the jury the determination of the facts. The charge was eminently fair and his language could have left no doubt in the minds of the jurors that they were entirely free to decide the factual issues.
 

 We fail to find any reversible errors in this record.
 

 The judgment of the court below is affirmed, and it is ordered that the appellant appear in the court below at such time as he may there be called and that he be by that court committed until he has complied with the sentence or any part of it which had not been performed at the time the appeal in this case was made a supersedeas.