**BAYLESS v. UNITED STATES.**

No. 12683.

Circuit Court of Appeals, Eighth Circuit.

Feb. 8, 1945.

Rehearing Granted March 28, 1945.

See, also, 147 F.2d 171.

Donald H. Latshaw, of Kansas City, Mo., for appellant.

Otto Schmid, Asst. U.S. Atty., of Kansas City, Mo. (Maurice M. Milligan, U. S. Atty., of Kansas City, Mo., on the brief), for appellee.

Before GARDNER, WOODROUGH, and THOMAS, Circuit Judges.

WOODROUGH, Circuit Judge.

John Richard Bayless appeals in forma pauperis from his conviction and sentence to twenty years' imprisonment for robbing the Farmers & Merchants Bank of Mansfield, Mo., on the 2d day of November, 1937. The indictment, filed January 28, 1938, contained two counts, the first being laid under 12 U.S.C.A. § 588b (a), which denounces bank robbery accompanied by force or putting in fear, and the second under section 588b(b), which denounces such robbery accompanied by assault or putting lives in jeopardy. The jury found the defendant

guilty on both counts and the sentence was upon each but to run concurrently. There was ample evidence to support the verdict, as two eye-witnesses long employed in the bank positively identified the defendant (whom they had seen in the bank on a prior occasion in September, 1937) as one of the three armed men who entered the bank on the date charged, menaced them with pistols shown to have been loaded, forced them to give up money belonging to the bank, seized and carried away $606.51 of such money, and on departing shut the witnesses up in the bank vault with "very little ventilation." Defendant also confessed the crime in writing.

But the prosecution was ably and conscientiously defended by counsel appointed by the court, and under appropriate assignments of error it is contended (1) that the defendant was denied his constitutional right to a speedy trial; (2) that he was twice put in jeopardy for the same offense; (3) that the indictment was defective; (4) that a requested instruction No. 2 was improperly refused; (5) that incompetent evidence was admitted; and (6) that defendant was compelled to be a witness against himself.

(1) It is not claimed that appellant was not speedily apprehended, indicted and arraigned after the bank robbery in November, 1937, but it appears that on January 31, 1938, when he was arraigned upon this present indictment, he pleaded guilty, and on that plea he was promptly sentenced to imprisonment. After his induction into the penitentiary at Alcatraz he applied for habeas corpus in April, 1939, again in January, 1942, and again in September, 1942. In the third proceedings he was awarded a writ which in May, 1943, discharged him from serving the sentence on the ground that the sentence was void because he had not had the assistance of counsel and had pleaded guilty in ignorance of his right to trial. He was thereafter promptly brought to trial on the indictment on July 12, 1943, after motion for dismissal, plea in bar and demurrer had been ruled against him. The time between his robbery and his trial to the jury was about five years and eight months and that lapse of time is said to evidence denial of the right to speedy trial. But it is not the law that the mere lapse of such period of time between commission of a crime and trial of an indictment therefor establishes denial of a speedy trial within the intendment of the sixth constitutional amendment. The amendment guarantees the legal right to an accused to demand and to be accorded a trial as soon as the orderly conduct of the business of the court will permit and one complaining of delay must affirmatively demand his right of trial. Frankel v. Woodrough, 8 Cir., 7 F.2d 796. The facts establish that appellant was accorded all the hearings to which he was entitled in orderly course and was not denied the right of a speedy trial. His own action in pleading guilty, which required the imposition of sentence and resulted in his imprisonment, precluded opportunity or occasion for him to demand a jury trial on the indictment until after the granting of the writ of habeas corpus, and he made no such demand. After the issuance of the writ the trial was had with reasonable dispatch. (2) The trial did not constitute double jeopardy. Upon the adjudication in his favor in his habeas corpus proceedings to the effect that his plea of guilty and the court's sentence thereon were void, the case stood upon the indictment for arraignment and trial as though nothing had been done. Trono v. United States, 199 U.S. 521, 523, 26 S.Ct. 121, 50 L.Ed. 292, 4 Ann.Cas. 773; In re Bonner, 151 U.S. 242, 261, 14 S.Ct. 323, 38 L.Ed. 149.

(3) It appears that the indictment here contains the same defect "in matter of form only" that occurred in the indictment for bank robbery in Hewitt v. United States, considered by this court in 110 F.2d 1, and the same attack upon the indictment is here presented. The bank which was robbed in that case was a state bank as was the bank here, and the robberies were within the federal statute only because the deposits of both banks were insured by the Federal Deposit Insurance Corporation of the United States. Both indictments described the bank's relation to that corporation by calling them "members" thereof. We were satisfied that the defendant Hewitt was not misled or prejudiced by the defect in the use of the description "member" of the Deposit Insurance Corporation, instead of "insured bank", that such defect was "in matter of form only" and that he was fairly informed and safe from another prosecution for his same offense, and we affirmed his conviction. The point as raised in this appeal is ruled by our former decision, to which we adhere. (4) The requested instruction No. 2, on the same point, was properly refused.

(5) The certificate showing that the deposits of the Farmers & Merchants' Bank of Mansfield, Mo., were insured in the Federal Deposit Insurance Corporation of the United States was properly received in evidence.

■ (6) It appears that the defendant testified as a witness in his own behalf and stated that he was never in Mansfield, Mo., either in September, 1937, or in November, 1937, the month of the robbery. On cross examination he was asked about his confession and about his written consent to the transfer of his case to Kansas City "so that a plea of guilty may be entered by the undersigned", and about the plea of guilty which he there entered. The questions went directly to the matter of his being in Mansfield at the time of the robbery about which he testified upon his direct examination. Though the government could not have adduced his plea or his consent in its testimony in chief, it was competent to inquire of the witness on cross examination as to other declarations made by him contradictory to his testimony before the jury. His former plea of guilty and his consent were so contradictory, and though he could explain them as he did, he could not withhold them from the jury before whom he was testifying in his own behalf. We think the jury was properly instructed as to the conditions upon which they should consider or disregard the written confession of guilt properly introduced before them.

We find that the trial was in all respects fair and according to law.

Affirmed.

Rehearing granted: Limited to question whether it was prejudicial error to permit defendant to be cross-examined relative to his former plea of guilty, and to permit proof of his former plea of guilty as part of his cross-examination.