## BAYLESS v. UNITED STATES.
### No. 12683.

Circuit Court of Appeals, Eighth Circuit.

July 2, 1945.

For former opinion, see 147 F.2d 169.

Donald H. Latshaw, of Kansas City, Mo., for appellant.

Otto Schmid, Asst. U. S. Atty., of Kansas City, Mo. (Maurice M. Milligan, U. S. Atty., of Kansas City, Mo., on the brief), for appellee.

Before GARDNER, WOODROUGH, and THOMAS, Circuit Judges.

GARDNER, Circuit Judge.

This is an appeal by the defendant from a judgment and sentence entered on a verdict of guilty on each of two counts of an indictment, the first count charging him with bank robbery by force and violence, or putting in fear, contrary to the provisions of Section 588b(a), 12 U.S.C.A., and the second count charging him with assault, or putting life in jeopardy in connection with bank robbery by force and violence, or putting in fear, contrary to the provisions of Section 588b(b), Title 12 U.S.C.A.

As originally presented to this court, defendant sought reversal on the following grounds: (1) that defendant was denied his constitutional right to a speedy trial; (2) that he was twice put in jeopardy for the same offense; (3) that the indictment was defective; (4) that requested instruction number 2 was improperly refused; (5) that incompetent evidence was admitted; (6) that defendant was compelled to be a witness against himself. We affirmed (Bayless v. United States, 147 F.2d 169). On motion we granted a rehearing, limited to the question whether it was prejudicial error to permit defendant to be cross-examined relative to his former plea of guilty and whether it was prejudicial error to permit proof of his former plea of guilty as a part of his cross-examination. Additional briefs were thereupon filed and the case has been re-argued and is now before us for reconsideration of the one question.

The robbery of the bank with which defendant, with others, was charged, occurred shortly after noon on November 2, 1937, at Mansfield, Missouri. Defendant was arrested at Wichita, Kansas, about midnight of November 4, 1937. The arrest was made in the apartment of Orville E. Simms on the second floor of a two story house. Simms and his wife were present when the arrest was made. Simms was indicted jointly with defendant, pleaded guilty, and is now in confinement. At the police station in Wichita, Kansas, on the night following his arrest, defendant was questioned by detective Harley Riggs and a special agent of the Federal Bureau of Investigation, J. M. O'Leary. Some of the answers made by defendant were written down and the statement was signed by him. There was evidence that the substance of his answers was incorporated in the statement which he signed. It was offered and received in evidence over objection of defendant. In defendant's testimony, referring to this confession, he said "that the statement or confession signed by him was an involuntary statement." On November 8, 1937, defendant was taken before a United States Commissioner at Kansas City, Missouri, for arraignment and was there

bound over. On January 31, 1938, defendant signed the following document:

"Waiver.

"In the District Court of the United States of America for the Western District of Missouri.

"United States of America, Plaintiff
 No. 4685
 vs
John Richard Bayless, Defendant

"Comes now John Richard Bayless, alias John A. Taylor, alias Richard Bayless, above named defendant, and states to the Court that he desires to plead guilty to robbing the Farmers & Merchants Bank of Mansfield, Missouri, as charged herein, as he has no defense to offer in said case.

"That he hereby waives the right to be tried in Springfield, Missouri, and consents that said case may be transferred to the Western Division of the Western District of Missouri at Kansas City, Missouri, so that a plea of guilty may be entered by the undersigned in said case.

"Dated at Kansas City, Missouri, this 31st day of January, 1938.

 "(Signed) John Richard Bayless
 "The above named defendant,
"Filed Jan. 31, 1938."

He was accordingly arraigned and pleaded guilty and on this plea a judgment of conviction was entered. While confined in Federal prison at Alcatraz Island, California, pursuant to this conviction, he on three different occasions made application for writ of habeas corpus in the United States District Court for the Northern District of California. His first application was made April 17, 1939, the second was made January 28, 1942, and the third was made September 18, 1942. On the third application the court found that defendant had not intelligently waived his right to counsel when he pleaded guilty. His application was accordingly granted and the court.held that his plea of guilty entered on January 31, 1938, was null and void, and he was released from confinement in the Federal prison at Alcatraz but returned to the United States District Court for the Western District of Missouri, for further proceedings upon the indictment. It has already been observed that on this second trial he was found guilty and again sentenced to imprisonment, the term of which has not yet expired.

On this second trial defendant took the witness stand and testified that he was not in Mansfield, Missouri, in September, 1937, nor in November, 1937, the latter being the month of the robbery. He was cross-examined by counsel for the government with reference to the above statement signed by him under date January 31, 1938. He was also asked on cross-examination, over objection, whether he had not pleaded guilty to the offense charged in the indictment herein on January 31, 1938. As to the written statement or confession signed by him on January 31, 1938, he stated that he had had no counsel to advise him and that it was involuntary, and that he was forced to plead guilty because threatened by officers. This testimony as to the statement and the plea of guilty stands in this record without dispute. In addition to the proof on cross-examination that he had pleaded guilty, the written statement signed by him on January 31, 1938 was offered and received in evidence over his objection. Being impecunious, defendant was represented at the trial by counsel appointed by the court and counsel so appointed appears for him in this court, the appeal having been perfected in forma pauperis.

In our opinion we expressed the view that the question as to whether he had signed the written consent to transfer his case to Kansas City so that he might enter a plea of guilty, "went directly to the matter of his being in Mansfield [Missouri] at the time of the robbery about which he testified upon his direct examination," [147 F.2d 169, 171] and was therefore admissible. On rehearing, certain recent authorities bearing on this question were brought sharply to our attention. The decision of the Supreme Court in Morris Malinski v. People of the State of New York, 65 S.Ct. 781, 783, was handed down March 26, 1945, after our decision in this case. That decision, reviewing as it does, other recent decisions of the Supreme Court, indicates an ever-increasing vigilance on the part of the Federal courts to protect the rights of a defendant in a criminal case guaranteed him by the Constitution, and has largely influenced us in changing our views on this question.

 In the instant case it had been determined in a habeas corpus proceeding that defendant had not intelligently waived his right to counsel in the cause; that he had not had assistance of counsel in his defense, and that he had been denied his per-

sonal rights in violation of the Sixth Amendment. The statement of January 31, 1938, and the plea of guilty were therefore in effect coerced and compelled. We need not go into the facts relative to the plea of guilty because that plea had already been adjudged to be a nullity by the court releasing the defendant in the habeas corpus proceeding. The written statement was, according to the undisputed testimony of the defendant involuntary, and it seems to have been so related to and linked up with the plea of guilty as to be a part of it. The manifest purpose of the cross-examination was to get this statement and plea of guilty before the jury as evidence of guilt and to aid in his conviction. In Malinski v. People of the State of New York, supra, the court considered certain confessions which were offered in evidence in the State court during the trial of Malinski. It had not, as here, been adjudged that the confessions were coerced or compelled, but what is there said would seem to be applicable here. There the question was whether or not the guaranties of the Fourteenth Amendment had been violated, whereas here the question arises under the Sixth Amendment. The rule, however, we think must be the same. In the Malinski case, the court, among other things, said: "If all the attendant circumstances indicate that the confession was coerced or compelled, it may not be used to convict a defendant. Ashcraft v. Tennessee, supra, page 154, of 322 U.S., page 926, of 64 S.Ct., 88 L.Ed. 1192. And if it is introduced at the trial, the judgment of conviction will be set aside even though the evidence apart from the confession might have been sufficient to sustain the jury's verdict. Lyons v. Oklahoma, 322 U.S. 596, 597, 64 S.Ct. 1208, 1210, 88 L.Ed. 1481."

Again the court said:

"We must consider the case, therefore, as one in which a coerced confession was employed to obtain a conviction. Coerced confessions would find a way of corrupting the trial if we sanctioned the use made of the October 23rd confession in this case. Constitutional rights may suffer as much from subtle intrusions as from direct disregard.

"It is thus apparent that the judgment before us rests in part on a confession obtained as a result of coercion. Accordingly a majority of the Court do not come to the question whether the subsequent confessions were free from the infirmities of the first one."

In the instant case it stands admitted that a coerced confession was employed to obtain a conviction. In Waley v. Johnston, 316 U.S. 101, 62 S.Ct. 964, 966, 86 L.Ed. 1302, in a per curiam but unanimous opinion, it is, among other things, said: "If the allegations are found to be true, petitioner's constitutional rights were infringed. For a conviction on a plea of guilty coerced by a federal law enforcement officer is no more consistent with due process than a conviction supported by a coerced confession. Bram v. United States, 168 U.S. 532, 543, 18 S.Ct. 183, 187, 42 L.Ed. 568; Chambers v. Florida, 309 U.S. 227, 60 S.Ct. 472, 84 L.Ed. 716. And if his plea were so coerced as to deprive it of validity to support the conviction, the coercion likewise deprived it of validity as a waiver of his right to assail the conviction."

In Ashcraft v. Tennessee, 322 U.S. 143, 64 S.Ct. 921, 927, 88 L.Ed. 1192, the court said: "The Constitution of the United States stands as a bar against the conviction of any individual in an American court by means of a coerced confession."

In Kercheval v. United States, 274 U.S. 220, 47 S.Ct. 582, 583, 71 L.Ed. 1009, the court had permitted defendant to withdraw his plea of guilty. It was subsequently used as evidence against him. In the course of the opinion by Mr. Justice Butler it is, among other things, said: "The effect of the court's order permitting the withdrawal was to adjudge that the plea of guilty be held for naught. Its subsequent use as evidence against petitioner was in direct conflict with that determination. When the plea was annulled it ceased to be evidence. By permitting it to be given weight the court reinstated it pro tanto. Heim v. United States [47 App.D.C. 485, L.R.A.1918E, 87.]"

See, also: Wood v. United States, 75 U.S.App.D.C. 274, 128 F.2d 265, 141 A.L.R. 1318.

The fact that this tainted evidence was offered as part of the cross-examination of defendant, is, we think, quite immaterial. The coerced confession and plea were used to convict the defendant, and as said in Malinski v. People of the State of New York, supra, "Constitutional rights may suffer as much from subtle intrusions as from direct disregard."

We again point out that here the confession and plea of guilty have been adjudged to be coerced, and hence, there seems to be no escape from the conclusion that the conviction based, we must assume, in part at least upon this tainted evidence can not stand. The judgment appealed from is therefore reversed and the cause remanded with directions to grant defendant a new trial.