**UNITED STATES of America ex rel. Ed Eugene JONES, Appellant,**

v.

**Elbert V. NASH, Warden, Missouri State Penitentiary, Appellee.**

**No. 16119.**

United States Court of Appeals Eighth Circuit.

April 3, 1959.

Ed Eugene Jones, pro se.

John M. Dalton, Atty. Gen., and James E. Conway, Asst. Atty. Gen., for appellee.

Before GARDNER, Chief Judge, and VOGEL and MATTHES, Circuit Judges.

VOGEL, Circuit Judge.

The relator, Ed Eugene Jones, claims to be unlawfully confined in the Missouri State Prison. He appeals to this court from a denial of his petition for writ of habeas corpus by the United States District Court for the Western District of Missouri. Relator has exhausted his remedies in the state courts of Missouri and has applied for and been denied certiorari by the United States Supreme Court, Jones v. State of Missouri, 1958, 356 U.S. 940, 78 S.Ct. 784, 2 L.Ed.2d 815. The substance of the relator's claim in District Court and which is reviewed here is that of former jeopardy proscribed by the Fifth Amendment to the Constitution of the United States, which declares that no person shall " * * * be subject for the same offence to be twice put in jeopardy of life or limb * * *."

The relator was arrested on December 10, 1954, was subsequently tried in the Circuit Court of Lawrence County, Missouri, found guilty on July 25, 1955 of burglary and larceny and thereafter sentenced to serve a total of 15 years in prison. While serving such sentence, the relator filed a motion to vacate sentence and judgment of the trial court in accordance with Missouri Supreme Court Rule 27.26, 42 V.A.M.S., alleging that the amended information on which he had been convicted was fatally defective and would not support a conviction for a felony. He also claimed that the information was defective in that "ownership of property was not proven, ownership of alleaged (sic) goods was not proven." Following a hearing, the trial court, on September 11, 1956, ordered, "Hearing granted and sentence vacated and defendant ordered discharged from imprisonment in the penitentiary." The trial court stated, *inter alia:*

"In the case of State v. Dick Moten, 276 Missouri, Page 354 [207 S.W. 768], the Supreme Court held that an information that does not charge that the building alleged to have been burglarized was one wherein goods, wares and merchandise and other valuable things were therein kept and deposited is fatally defective. Under decision in State v. Moten and under my sworn duty it is my duty to sustain the motion of the defendant because he cannot be imprisoned for a term of fifteen (15) years upon charges which are insufficient in law.

"It will be the judgment of the Court that the sentence heretofore imposed upon this defendant was illegal and the judgment sentencing the defendant to imprisonment in the Penitentiary of Missouri for fifteen (15) years is vacated and set aside. The State may, if it so desires, file a correct and amended information in the case. In which event a bench warrant will issue and the defendant will be given the opportunity to give bond or will be held in custody until his trial. Otherwise, the defendant will be discharged from his imprisonment."

Thereafter, the State of Missouri caused notice of appeal to the Supreme Court of Missouri from the trial court's judgment sustaining the motion of the defendant to vacate sentence and judgment. On April 18, 1957, on motion of Jones (respondent in such proceedings)

the Supreme Court of Missouri entered the following order:

"At this day comes, the said respondent by attorney and upon his motion, it is considered and adjudged by this Court that the appeal herein be and the same is hereby dismissed, and that the said respondent recover against the said appellant costs and charges herein expended and have therefor execution."

Jones was promptly rearrested and charged in a proper information with burglary and larceny, tried before a jury, found guilty of burglary in the second degree and sentenced to serve a period of confinement in the penitentiary of four years. His petition for writ of habeas corpus to the Supreme Court of the State of Missouri alleging double jeopardy was denied. The United States Supreme Court also denied certiorari, supra. Relator thereupon made application for writ of habeas corpus in the United States District Court. After the issuance of an order to show cause and proper return thereon, the District Court held that a defendant who obtains a reversal of a conviction upon appeal may be retried for the same offense, that this was not a case of double jeopardy and the fact that the relator had served some time on the first and illegal sentence was not a defense to his retrial, conviction and present imprisonment, and the writ of habeas corpus was denied. This appeal followed.

It is the relator's contention that the Supreme Court, by its action of April 18, 1957, did not *reverse* the trial court. He states:

"Had your appellant been reversed or remanded by the Missouri Supreme Court, under the laws of the said State he could have been retried as claimed by the Appellee, but since this is not true. (sic) Your Appellant second conviction is in strict violation of the Constitution and Criminal laws of both the United States and the State of Missouri."

■ We think it perfectly clear here that the effect of the State Supreme

Court's order was to make final the trial court's order of September 11, 1956, which, *at the instance of the relator*, vacated and set aside the illegal sentence and judgment and specifically provided that the state could file a correct and amended information. Here the relator, by his motion to the trial court after the first conviction and by his motion in the Supreme Court to dismiss the state's appeal following the trial court's granting of his original motion, caused the original proceedings to become a nullity. These facts do not afford relief on a claim of double jeopardy.

The applicable provision from the Missouri Constitution, insofar as it may be pertinent here, is:

" * * * nor shall any person be put again in jeopardy of life or liberty for the same offense, after being once acquitted by a jury; but if the jury fail to render a verdict * * * *and if judgment be arrested after a verdict of guilty on a defective indictment or information,* or if judgment on a verdict of guilty be reversed for error in law, *the prisoner may be tried anew on a proper indictment or information,* or according to the law." Const.Mo., Art. I, Sec. 19, V.A.M.S. (Emphasis supplied.)

The statutes of the State of Missouri also provide that when a defendant has been convicted "but the judgment shall for any cause be arrested, he may be tried and convicted on a subsequent indictment for the same offense, * * *." V.A.M.S. § 556.250 (1953 ed.)

In passing upon an assertion of double jeopardy, the Supreme Court of Missouri, in State v. Stroemple, 1947, 355 Mo. 1147, 199 S.W.2d 913, 915, certiorari denied 332 U.S. 849, 68 S.Ct. 346, 92 L.Ed. 419, stated:

"In these circumstances, the appellants' prior convictions upon their pleas of guilty to the informations having been set aside as void, they could not validly support the pleas in bar that they had theretofore been placed in jeopardy for the same

offense. Bayless v. United States, 8 Cir., 147 F.2d 169; State v. Goddard, 162 Mo. 198, 62 S.W. 697; State v. Schierhoff, 103 Mo. 47, 15 S.W. 151; annotation 97 A.L.R. 160; 22 C.J.S.Criminal Law § 266; 15 Am.Jur., Sec. 364."

This court in Bryant v. United States, 8 Cir., 1914, 214 F. 51, 53, said:

"It is well settled that it is not double jeopardy to resentence a prisoner who had his first sentence vacated by writ of error (Murphy v. Commonwealth of Massachusetts, 177 U.S. 155, 20 S.Ct. 639, 44 L.Ed. 711), nor to retry him on a new indictment after a prior indictment, conviction, and sentence have been set aside in a proceeding in error (Ball v. United States, 163 U.S. 662, 16 S.Ct. 1192, 41 L.Ed. 300). *The principle of such cases is that a sentence that has been vacated by the action of a prisoner cannot then be put up by him as an obstacle to the further administration of justice;* and we think it immaterial that his attack was collateral, as by habeas corpus, instead of direct, by appeal or writ of error. Here he was the actor, and the result left his conviction unimpaired." (Emphasis supplied.)

In Bayless v. United States, 8 Cir., 1945, 147 F.2d 169, 170, reversed on other grounds 8 Cir., 150 F.2d 236, the accused had entered a plea of guilty to a charge of bank robbery. He was sentenced and imprisoned. Thereafter, in a habeas corpus proceedings, it was determined that his plea of guilty and the court's sentence thereon were void and he was thereafter tried under an indictment charging such bank robbery. This court stated, 147 F.2d at page 170:

"'The trial did not constitute double jeopardy. Upon the adjudication in his favor in his habeas corpus proceedings to the effect that his plea of guilty and the court's sentence thereon were void, the case stood upon the indictment for arraignment and trial as though

nothing had been done. Trono v. United States, 199 U.S. 521, 523, 26 S.Ct. 121, 50 L.Ed. 292, 4 Ann. Cas. 773; In re Bonner, 151 U.S. 242, 261, 14 S.Ct. 323, 38 L.Ed. 149.'"

See also King v. United States, 1938, 69 App.D.C. 10, 98 F.2d 291.

The United States Supreme Court, in Green v. United States, 1957, 355 U.S. 184, at page 189, 78 S.Ct. 221, at page 224, 2 L.Ed.2d 199, in discussing liberalization of the appeal rights of persons convicted of crime, stated:

" * * * courts and legislatures provided that if a defendant obtained the reversal of a conviction by his own appeal he could be tried again for the same offense."

And, at the same page:

"But whatever the rationalization, this Court has also held that a defendant can be tried a second time for an offense when his prior conviction for that same offense has been set aside on appeal."

■ Here the relator, by his own motion to vacate the original sentence and judgment, caused those proceedings to be set aside and become, in effect, a nullity. He cannot now complain that it was double jeopardy to try him under a proper information for the same offense. The fact that he served a very substantial time in the penitentiary following the void conviction might justify a claim for leniency insofar as his present legal sentence is concerned, but such a plea by a state prisoner is not cognizable in Federal Court. Our powers are here limited to a determination of whether relator, through double jeopardy, has been deprived of his liberty in violation of the Constitution or laws of the United States. We consider nothing further. Sampsell v. People of State of California, 9 Cir., 1951, 191 F.2d 721, 725, certiorari denied 342 U.S. 929, 72 S.Ct. 369, 96 L.Ed. 692. The District Court was correct in concluding that the writ should be denied.

Affirmed.