**UNITED STATES of America**

v.

**Harold Martin BREST, Appellant.**

**No. 12830.**

United States Court of Appeals
Third Circuit.

Submitted April 20, 1959.

Decided May 27, 1959.

Harold Martin Brest, pro se.

Hubert I. Teitelbaum, U. S. Atty., John F. Potter, Asst. U. S. Atty., Pittsburgh, Pa., for appellee.

Before MARIS, GOODRICH and HASTIE, Circuit Judges.

MARIS, Circuit Judge.

The appellant was convicted in the District Court for the Western District of Pennsylvania on January 20, 1937 on his pleas of guilty of kidnapping, bank robbery and violation of the National Motor Vehicle Theft Act, 18 U.S.C. §§ 10, 2311–2313. He was sentenced to life imprisonment on the kidnapping indictment, to twenty-five years imprisonment on the bank robbery indictment, and to five years imprisonment on the motor vehicle theft charge, the sentences to run concurrently. It appears that he was not advised of his right to have counsel at his arraignment. Accordingly upon an application for a writ of habeas corpus he was discharged from imprisonment by the District Court for the Northern District of California on March 23, 1939 and

was remanded to the District Court for the Western District of Pennsylvania.

Upon the appellant's return to its custody, the District Court for the Western District of Pennsylvania appointed counsel for him. The judgments entered on his pleas of guilty were vacated and he was permitted to enter pleas of not guilty to the three indictments pending against him. He was then brought on for trial before a jury on the indictments charging kidnapping and motor vehicle theft and was found guilty of both charges on May 26, 1939. Later on the same day his trial was begun before another jury on the indictment charging bank robbery and he was found guilty of that charge. On June 12, 1939 the District Court for the Western District of Pennsylvania imposed sentences upon the three convictions identical with those imposed by it in 1937. On July 31, 1957 the appellant filed a motion in the District Court for the Western District of Pennsylvania under 28 U.S.C. § 2255 to vacate these judgments of conviction and to set aside these sentences. His motion was subsequently supplemented by other motions and petitions.

With respect to his conviction on the bank robbery charge the appellant contended that he was not present at the impanelling of the jury which tried him on that charge. Upon consideration of the evidence the district court concluded that the record did not support the Government's contention that the appellant was present at this stage of his trial. D.C., 23 F.R.D. 103. The court accordingly set aside the judgment and sentence entered on June 12, 1939 under the bank robbery indictment and directed a new trial of that indictment. The appellant's contentions with respect to that matter are, therefore, not involved in this appeal.

With respect to the judgments of conviction and sentences of life imprisonment and five years' imprisonment, respectively, entered on June 12, 1939 upon the indictments for kidnapping and motor vehicle theft the appellant contended that he had been illegally removed from California to Pennsylvania after his discharge on habeas corpus from his original imprisonment, that he had been twice put in jeopardy and his sentence illegally increased, that he had been deprived of a speedy trial, that inadmissible confessions, perjured testimony and irrelevant and prejudicial evidence had been admitted at his trial, that he had not been given a list of jurors and witnesses prior to trial, that he had been deprived of the 20 peremptory challenges to which he was entitled and that he did not have the effective assistance of counsel.

The district court took testimony, including that of the appellant and his witnesses, upon all of these issues. The court reached the conclusion that there was no merit in any of the appellant's contentions and rightly observed that most of them involved matters which might be raised only on appeal and which were not available in support of a motion under § 2255.

We have carefully considered the arguments contained in the appellant's briefs on this appeal but find ourselves in full agreement with the district court that nothing has been shown which would entitle the appellant to have his sentence of life imprisonment upon the kidnapping indictment set aside under § 2255. His removal to Pennsylvania following his release from imprisonment in California was entirely proper, Levine v. Hudspeth, 10 Cir., 1942, 127 F.2d 982, certiorari denied 317 U.S. 628, 63 S.Ct. 39, 87 L.Ed. 507, and since the first proceeding had been found by the District Court for the Northern District of California to be a nullity he was not thereby subjected to double jeopardy. Mitchell v. Youell, 4 Cir., 1942, 130 F.2d 880. Nor was he deprived of a speedy trial within the meaning of the Sixth Amendment. Bayless v. United States, 8 Cir., 1945, 147 F.2d 169, reversed on rehearing on other grounds, 8 Cir., 1945, 150 F.2d 236. The sentence of life imprisonment which the court imposed the second time was fully authorized by law. The appellant's remaining contentions relate

to alleged trial errors which he might have raised on appeal from the judgment of conviction but which are not available to him on a motion under section 2255. United States v. Gallagher, 3 Cir., 1950, 183 F.2d 342, certiorari denied 340 U. S. 913, 71 S.Ct. 283, 95 L.Ed. 659. And this applies also to his contention that he was denied the effective assistance of counsel. For it appears that his counsel was an experienced lawyer, a former Assistant United States Attorney, and it would be impossible to say, on the record in this case, that the appellant's representation by his appointed counsel was such as to make the trial a farce and a mockery of justice. United States v. Wight, 2 Cir., 1949, 176 F.2d 376, certiorari denied 338 U.S. 950, 70 S.Ct. 478, 94 L.Ed. 586; Mitchell v. United States, D. C.Cir., 1958, 259 F.2d 787, certiorari denied 358 U.S. 850, 79 S.Ct. 81, 3 L.Ed. 2d 86.

■ ¹ The sentence of five years' imprisonment under the motor vehicle theft indictment having been fully served, any issues sought to be raised with respect to the judgment and sentence upon that indictment are, of course, now moot.

The order appealed from will be affirmed.