**Edward L. W. JONES, Petitioner,**

v.

**E. C. ELLSWORTH, Jr., Warden, Montana State Prison, et al., Respondents.**

**No. 1252.**

United States District Court
D. Montana,
Butte Division.

April 14, 1965.

MURRAY, Chief Judge.

Petitioner, an inmate of the Montana State Prison, seeks leave to file in forma pauperis a petition for writ of habeas corpus, seeking his release from confinement.

It is ordered and this does order that in the interest of orderly procedure and of keeping proper court records leave to file said petition for writ of habeas corpus in forma pauperis is granted.

As grounds for his petition, petitioner claims that he has been placed in double jeopardy and subjected to cruel and unusual punishment.

On January 17, 1963, petitioner was sentenced to a term of 10 years in the Montana State Prison by the District Court of the 8th Judicial District of the State of Montana, in and for the County of Cascade, after his plea of guilty to the

charge of first degree burglary. In a prior proceeding in this court, the court ordered petitioner released from the Montana State Prison unless within 10 days of the order in that proceeding the petitioner was allowed to withdraw the plea of guilty upon which he had been convicted and sentenced, and permitted to plead anew to the offense with which he was charged. Jones v. State of Montana, D.C., 235 F.Supp. 673. The effect of this order was to require the State of Montana to grant Jones a new trial.

In compliance with the order of this court, the State of Montana returned the petitioner to the District Court in Cascade County where his prior plea of guilty was withdrawn and with the consent of petitioner and his counsel an amended information was filed, to which petitioner again pled guilty and received a sentence of 5 years. He has received no credit for the time he had served on his prior sentence. In these circumstances petitioner now claims he has been placed in double jeopardy and subjected to cruel and unusual punishment.

Where a state court judgment and sentence is void by a federal court for denial of constitutional rights, a new trial will not constitute double jeopardy. Stevenson v. Boles, D.C., 221 F.Supp. 411, affirmed 4 Cir., 331 F.2d 939. See also United States v. Grabina, 2 Cir., 309 F.2d 783, and cases in footnote 170, U.S.C.A. (Constitution Amend. 1 to 5, page 363). In United States ex rel. Jones v. Nash, 264 F.2d 610, the Court of Appeals for the Eighth Circuit, in considering a situation analogous to the petitioner's here, stated at page 613:

> "Here the relator, by his own motion to vacate the original sentence and judgment, caused those proceedings to be set aside and become, in effect, a nullity. He cannot now complain that it was double jeopardy to try him under a proper information for the same offense. The fact that he served a very substantial time in the penitentiary following the void conviction might justify a

claim for leniency insofar as his present legal sentence is concerned, but such a plea by a state prisoner is not cognizable in Federal Court."

Under the foregoing authorities, the petition for writ of habeas corpus is without merit and the same is therefore denied, and it is so ordered.