Jacob **NEWSOME**, Petitioner,

v.

Fred **ROSS**, Major, Odom Prison, Respondent.

Civ. No. 1843.

United States District Court
E. D. North Carolina.
Raleigh Division.

June 15, 1966.

⟜190

Jacob Newsome, pro se.

T. Wade Bruton, Atty. Gen. of N. C., by Theodore C. Brown, Jr., Staff Atty., Raleigh, N. C., for respondent.

## OPINION AND ORDER

LARKINS, District Judge:

### SUMMARY

This cause comes before the Court as a civil action filed pro se, by a State prisoner, pursuant to the provisions of Title 28 U.S.C.A. § 2254. Issues were joined upon respondent filing an Answer and a Motion to Dismiss the petition.

Petitioner states the following as grounds to support his allegations that he is being held in custody in violation of the Constitution of the United States:

"(a) Former Jeopardy. Serving two sentences, second after first completed.

"(b) Double Jeopardy. Serving two sentences, second after first completed.

"(c) Same charge, now being punished twice."

As an addendum to the petition filed on forms provided him by the Clerk of this Court, petitioner has included a handwritten document, of some sixteen pages, submitted on prison stationery. The addendum is sprinkled with Latin phrases and "legal jargon," but one allegation of substance is gleaned from it. On Page "IV" of the addendum he states:

"The petitioner contends the Judgment imposed by the original tribunal had expired and thereafter a new Judgment was entered at the September 1965 Criminal Session of the Superior Court of Wilson County * *: "

### FINDINGS OF FACT

On February 13, 1956, the Grand Jury of the Superior Court of Wilson County, North Carolina, returned a true Bill of Indictment against the petitioner. The offense was breaking and entering (Case No. 341).

On February 14, 1956, the Grand Jury resumed deliberations and returned a

true bill against petitioner for the offense of attempted breaking and entering (Case No. 338). On February 15, 1956, it deliberated further and presented Bills of Indictment for the offenses of possession of implements for housebreaking in Case No. 338, and attempted breaking and entering in Case No. 341.

Petitioner was tried for all of these offenses without the assistance of counsel and before a jury which returned findings of guilty in both cases and on all counts on February 16, 1956. The court imposed a sentence of incarceration of not less than eight (8) nor more than ten (10) years in each case. The sentence in Case No. 341 was to commence upon the expiration of the sentence imposed in Case No. 338. Petitioner gave notice of appeal in open court on February 17, 1956.

The court continued in session into the following week, February 17, 1956 being a Friday. On the following Thursday, February 23, 1956, the court ordered stricken all entries entered on February 16, 1956 in Cases No. 338 and No. 341 and continued both cases.

Thereafter, on Monday, March 26, 1956, a new term of court for the Superior Court of Wilson County was begun. On March 27, 1956, the court entered judgment in Cases No. 226 (formerly No. 338) and No. 230 (formerly No. 341), it having ordered stricken its former judgments imposed at the February Term. The judgments entered on March 27, 1956 were identical to those originally imposed on February 16, 1956.

On September 5, 1962, petitioner presented a petition for the review of the constitutionality of the original trial (a Post-Conviction Hearing petition) to the Superior Court. It was denied (Cases No. 16269 and No. 16270). Petitioner then sought a review of this denial by means of certiorari to the Supreme Court of North Carolina (denied October 30, 1962) and certiorari to the Supreme Court of the United States.

The Supreme Court of the United States allowed certiorari, and on November 19, 1963 ordered the cases remanded for a Post-Conviction Hearing pursuant to N.C. General Statutes § 15–217 and § 15–222. It further ordered that petitioner be represented by counsel at his Post-Conviction Hearing, at which time petitioner's cause was to be examined in light of the U. S. Supreme Court decision of Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963).

On December 10, 1964, petitioner was given a Post-Conviction Hearing in the Superior Court of Wilson County, North Carolina, and it was found that he had been denied substantial rights guaranteed him by the Constitution of the United States. Specifically, it was found that he was not represented by counsel and that he had not waived his right to representation by counsel. The verdict and judgment in Case No. 230 (formerly No. 341) was, therefore, set aside and petitioner was granted a new trial in that case. At the same time, and in the same Order, the court returned petitioner to the Prison Department to remain in its custody to serve other sentences for the crimes of escape while awaiting a new trial in Case No. 230. His trial and conviction in Case No. 226 (formerly No. 338) was not before the court for review, service of that sentence having expired.

On September 7, 1965, before the Superior Court of Wilson County, North Carolina, the trial for the offenses charged in Case No. 230 was commenced by the jury. Petitioner was represented by court-appointed counsel. At the close of the State's evidence petitioner withdrew his not guilty plea and entered a plea of guilty to the offense of attempted breaking and entering, one of the offenses charged in the Bill of Indictment. Upon the basis of his plea, petitioner was sentenced to a period of incarceration of four (4) years, approximate date of release being July 25, 1968.

The plea of double jeopardy must be considered as applying to petitioner's trial, conviction and sentencing in Case No. 230. Petitioner is presently incarcerated under sentence imposed in that

case and it is the only case in which he has received a new trial.

## CONCLUSIONS OF LAW

 It is well recognized that the doctrine of double jeopardy or former jeopardy does not apply to the situation at hand.

"Where a state court judgment and sentence is void by a federal court for denial of constitutional rights, a new trial will not constitute double jeopardy." Jones v. Ellsworth, Warden, 240 F.Supp. 247 (D.Mont.1965).

In the case at hand, the United States Supreme Court remanded petitioner's cause to the courts of the State of North Carolina for consideration in light of the decision of Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L. Ed.2d 799 (1963). Thereafter, petitioner's first conviction and sentences were declared void by the State in accordance with the dictates of Gideon v. Wainwright, supra. The State courts held that petitioner had been denied constitutional rights, and he was granted a new trial. As the result of the new trial he was again sentenced to a period of incarceration. All these steps were taken as a result of legal procedures set in motion by the petitioner.

Petitioner having set the procedures in motion, which resulted in the voiding of his sentence received in Case No. 230, he cannot now complain of his having obtained a new trial which was held in accordance with constitutional standards. See United States ex rel. Jones v. Nash, 264 F.2d 610, 613 (8th Cir., 1959).

The question herein presented has been presented to the Courts of the Fourth Circuit before. In Stevenson v. Boles, 221 F.Supp. 411 (N.D.W.Va.1963), affirmed in 331 F.2d 939 (4th Cir., 1964), the State trial and conviction of a petitioner was voided as being unconstitutional. The Court in voiding the state proceedings specifically held petitioner was, "entitled to a trial free of constitutional infirmities—*no more and no less.*" (Emphasis added.)

It is clear that the granting of a new trial to a state prisoner after voiding his previous trial and conviction, for the reason that there was a denial of constitutional rights, does not amount to double jeopardy. The state may, upon having the previous trial determined void, proceed to a new arraignment and new trial and take steps to hold the accused in custody or under bail pending the new trial. Webster v. Dail, 246 F.Supp. 302 (E.D.N.C.1965). The subsequent trial and conviction will not constitute double jeopardy or former jeopardy. Jones v. Ellsworth, Warden, supra; and United States ex rel. Jones v. Nash, supra.

## ORDER

Therefore, it is ordered that the petition for writ of habeas corpus be, and the same is hereby denied.

It is further ordered that respondent's Motion to Dismiss be, and the same is hereby allowed.

This the 15th Day of June, 1966.