Commonwealth *v.* Clark, Appellant.

Argued April 17, 1975. Before WATKINS, P. J., JACOBS, HOFFMAN, CERCONE, PRICE, and SPAETH, JJ. (VAN DER VOORT, J., absent).

*H. David Rothman,* for appellant.

*Robert L. Campbell,* Assistant District Attorney, with him *Charles W. Johns* and *Robert L. Eberhardt,* Assistant District Attorneys, *John M. Tighe,* First Assistant District Attorney, and *John J. Hickton,* District Attorney, for Commonwealth, appellee.

OPINION PER CURIAM, February 2, 1976:

The six Judges who heard this appeal being equally divided, the judgment of sentence is affirmed.

VAN DER VOORT, J., did not participate in the consideration or decision of this case.

OPINION IN SUPPORT OF AFFIRMANCE BY WATKINS, P.J.:

This is an appeal from the judgment of sentence of the Court of Common Pleas of Allegheny County by the defendant, Alvin Clark, after conviction in a non-jury trial of sixteen counts of corrupt solicitation and bribery; and from the denial of post-trial motions. He was sentenced to consecutive sentences of six months to one year on each of the sixteen counts of bribery. He was similarly sentenced on the sixteen counts of corrupt solicitation to run concurrently with the bribery sentences.

The appellant was initially tried before a court and jury and was convicted. His conviction was affirmed by this court in *Commonwealth v. Clark*, 220 Pa. Superior Ct. 326, 286 A.2d 383 (1971). A dissenting opinion was filed by HOFFMAN, J., joined in by SPAULDING and CERCONE, JJ., holding that the crimes of bribery and corrupt solicitation merge. However, the Supreme Court, on allocatur, did not consider the merger question but reversed on the ground that the prosecution had made references to prior criminal conduct of the defendant. This was not alluded to in the dissenting opinion.

The facts are as follows: Appellant saw a friend and associate, one George Robinson, a "known drug user", arrested. He then got in touch with one of the arresting officers, Detective McGreevy, to "get together on things" and allegedly offered him a bottle of whiskey. He proposed that he and McGreevy enter into an agreement whereby appellant's "people" would not be bothered by the narcotics squad. It is alleged that he gave a list of the protected people he didn't want arrested. Robinson was later released for lack of evidence.

Several days later one of the named individuals on the appellant's list was arrested. Appellant called McGreevy to find out why and arrange a meeting to straighten it out. There was a series of meetings at which the appellant handed the detective $50 and a slip which was marked "400 wk" and "1600 mo". At subsequent meetings the officer was given sums of $400 and the total alleged to have been paid was $6600.

Immediately after the first meeting McGreevy consulted with his superior and they agreed to go along in order to find out who the appellant's operators were. All the money was turned in to the police department as evidence.

The appellant complains that the first two counts do not constitute a crime as the consideration, that is, the release of Robinson, was past when the money was paid

and was thus merely a gift or, at worst, useless as Mc-Greevy was going to release Robinson for lack of evidence. However, we will not consider this point as it was not raised or argued below, so it is waived. *Commonwealth v. Goodman,* 454 Pa. 358, 311 A.2d 652 (1973).

The appellant next contends that the sixteen separate convictions were one continuous transaction. The appellant argues that there is one agreement with sixteen separate installment payments while the Commonwealth contends that each payment constitutes a separate offense. This is largely a question of fact. The evidence shows that appellant made irregular payments of $400 a week or $1600 a month, so that it may be concluded that each payment was for a specific period of "protection". If the facts are seen in this light and it is reasonable to assume that the court below, sitting as a jury, did so, then each payment was a separate offense. It was held in *Patton et al. v. United States,* 42 F.2d 68 (8th Cir. 1930) that seven $500 payments to a prohibition agent, where each was for two weeks' protection, constituted seven separate crimes. In the instant case, while it was not specifically agreed that the payments would be two weeks' protection, it is clear that each payment was to buy a certain period of protection.

The appellant further contends that the crime of corrupt solicitation merges with bribery when that crime is made out. The offenses took place before the new Crimes Code became effective so this case is covered by the 1939 Penal Code, Act of June 24, 1939, P.L. 872.

Bribery is defined as:

"Whoever shall directly or indirectly, or by means of and through any artful and dishonest device whatever, give or make any promise, contract or agreement, for the payment, delivery, or alienation of any money, goods or other thing, in order to obtain or influence the vote, opinion, verdict, award, judgment, decree, or behavior of any member of the General

Assembly, or any officer or employe of this Commonwealth, or of any political subdivision thereof, or any judge, juror, justice, referee or arbitrator, in any bill, action, suit, complaint, indictment, controversy, matter or thing whatsoever, depending or which shall depend before him or them, is guilty of bribery, a misdemeanor. . . ." Act of June 24, 1939, P.L. 872, §303, 18 P.S. §4303;

*and* corrupt solicitation is:

"Whoever, directly or indirectly, by offer or promise of money, office, appointment, employment, testimonial or other thing of value, or by threats or intimidation, endeavors to influence any member of the General Assembly, State, county, election, municipal or other public officer, in the discharge, performance, or nonperformance of any act, duty or obligation pertaining to such office, is guilty of corrupt solicitation, a misdemeanor, and on conviction thereof, shall be sentenced to pay a fine not exceeding one thousand dollars ($1000), or to undergo imprisonment not exceeding two (2) years, or both." Act of June 24, 1939, P.L. 872, §304, 18 P.S. §4304.

In *Commonwealth v. Baker,* 146 Pa. Superior Ct. 559, 561-562, 22 A.2d 602 (1941), we stated:

"The appellant further contends that as he was released from the charge of bribery it follows that he is innocent of corrupt solicitation, which is but an attempted bribery, and an attempt to bribe, in the contemplation of the law, is bribery. It is clear, however, that the legislature of 1939 had in mind two separate and distinct offenses. One, under section 303, is bribery, and the other, under section 304, is offering or promising money or other thing of value to influence a public officer in the discharge or performance or nonperformance of his duties. Our constitution recognizes the distinction between bribery and corrupt solicitation—see Constitution Art. III, sections 30 & 31, P.S.

The mere fact that the evidence did not support the bribery or the actual passing of money does not relieve this appellant of corrupt solicitation."

The Pennsylvania Supreme Court stated its test for merger in *Commonwealth ex rel. Mozczynski v. Ashe,* 343 Pa. 102, 104-105, 21 A.2d 920 (1941):

"The true test of whether one criminal offense has merged in another is *not* (as is sometimes stated) whether the two criminal acts are 'successive steps in the same transaction' but it is whether one crime *necessarily involves* another, as, for example, rape involves fornication, and robbery involves both assault and larceny. The 'same transaction' test is valid only when 'transaction' means a *single act.* When the 'transaction' consists of two or more criminal acts, the fact that the two acts are 'successive' does not require the conclusion that they have merged. Two crimes *may* be successive steps in *one* crime and therefore merge as, e.g., larceny is merged in robbery, and assault and battery is merged in murder, or they may be two distinct crimes which do not merge." (Emphasis supplied.)

Using this test is our view that the crimes of bribery and corrupt solicitation do not merge and thus are separate crimes.

There seems to be a definite legislative purpose to provide for two offenses for a person who initiates the bribe and then carries it out to fruition while a person who merely pays it—but does not initiate it—would commit only one offense, that is, bribery. It is possible for a person to commit bribery and not be guilty of corrupt solicitation if the one who is the public official initiates the crime and the briber then agrees to go along.

Appellant also argues that he was denied due process when his application to revoke his jury trial waiver was denied without hearing. The grounds advanced were: (1) appellant's trial counsel did not inform him of the Second

Class County Jury Selection Act; (2) that the attorney charged more for a jury trial and, (3) incompetence of counsel in that counsel advised appellant to go to trial before a judge alone, and other tactical errors.

The court below correctly ruled that the application was completely without merit as the new jury selection act did not become effective until four months after trial. As to the soundness of counsel's advice it would seem to be a valid tactical decision by trial counsel.

Finally, appellant argues he should receive credit toward his sentence for time he spent in prison several years ago for an unrelated offense. This conviction was reversed by the United States Court of Appeals for the Third Circuit and appellant was not retried. Appellant contends that justice requires that he receive credit for the time as otherwise the time spent in prison on the vacated sentence would have no benefit to him. While there is some logic to this position, we agree with the rule set out in *United States ex rel. Watson v. Commonwealth and Common Pleas Courts of Pa.*, 260 F. Supp. 474 (E.D. Pa. 1966), which holds that credit may not be given for such time served as punishment should relate to a specific crime. Not to do so would create a situation in which the sentence for a crime might be served before the crime is committed.

Judgment of sentence affirmed.

JACOBS and PRICE, JJ., join.

VAN DER VOORT, J., did not participate in the consideration or decision of this case.

———

OPINION IN SUPPORT OF REVERSAL BY HOFFMAN, J.:

I dissent for the reasons set forth in my dissenting opinion in *Commonwealth v. Clark*, 220 Pa. Superior Ct. 326, 286 A.2d 383 (1971).

CERCONE and SPAETH, JJ., join in this opinion.