## Commonwealth v. Webb

*Douglas H. Gent,* assistant district attorney, for the Commonwealth.

*Larry W. Wolf,* for defendant.

BUCKINGHAM, *J.,* January 4, 1984—This matter is before the court on defendant's motion to dismiss the misdemeanor charge of driving while under the influence of alcohol. The facts are not in dispute.

Defendant was charged with a violation of 18 Pa. C.S. §3731, operating under the influence of alcohol, and with four summary offenses, violation of 18 Pa. C.S. §6308, underage possession of alcohol, and the violation of three sections of the Motor Vehicle Code, 18 Pa. C.S. §1311(a), operating a vehicle upon which the registration card was not signed by the owners, section 3301(a), failing to drive on the right side of the highway and section 4303, operating a vehcile with a nonconforming head lamp.

On August 25, 1983, defendant pled guilty to the four summary offenses before the district justice and paid a fine and costs for all of them. On September 20, 1983, the district justice held a preliminary hearing on the misdemeanor charge of driving under the influence and bound it over for court.

Defendant first contends that his prosecution on the driving under the influence charge is barred by the acceptance of the district justice of the defendant's guilty pleas to the four summary offenses. He claims he is protected by 18 Pa. C.S. §110 which provides:

"When prosecution barred by former prosecution for different offense.

Although a prosecution is for a violation of a different provision of the statutes than a former prosecution or is based on different facts, it is barred by such former prosecution under the following circumstances.

(1) The former prosecution resulted in an acquittal or in a conviction as defined in section 109 of this title (relating to when prosecution barred by former prosecution for the same offense) and the subsequent prosecution is for:

(i) any offense of which the defendant could have been convicted on the first prosecution:

(ii) any offense based on the same conduct or arising from the same criminal episode, if such offense was known to the appropriate prosecuting officer at the time of the commencement of the first trial and was within the jurisdiction of a single court unless the court ordered a separate trial of the charge of such offense;"

We disagree with the defendant's contention. In Commonwealth v. Beatty, 500 Pa. 283, 455 A.2d 1194 (1983) the court held that under subsection 110(1) (ii) the prosecution for the misdemeanor charge of aggravated assault was not barred by the defendant's plea of guilty before the district justice of the summary offense of leaving the scene of an accident in violation of a section of the Motor Vehicle Code, even though the summary offense arose out of the same incident as the aggravated assault and even though the prosecution knew of both violations at the commencement of the proceedings. The court held that the requirement of subsection (ii) that the offense be within the jurisdiction of a single court was not satisfied, i.e., the jurisdiction of the traffic offense was only with the district justice and the jurisdiction of the aggravated assault charge was only with the court of common pleas.

The present defendant seeks to distinguish Beatty because the summary offense involved was a traffic offense. We do not believe Beatty should be so narrowly construed and hold that the decision applies to summary offenses other than traffic offenses.

Defendant also argues that in the present case all of the summary offenses and the misdemeanor offense of operating under the influence were within the single jurisdiction of the district justice court. This is not so.

It is true that under 42 Pa. C.S. §1515(a) (5) a district justice has jurisdiction of offenses under 75 Pa. C.S §3731 (relating to driving under the influence of alcohol or controlled substance) but only if the defendant pleads guilty to the violation of section 3731. Here, defendant pled not guilty to the driving under the influence charge. Obviously, therefore, the district justice did not have jurisdiction of the driving under the influence charge.

This conclusion is buttressed by the fact that 18 Pa. C.S. §109(3) bars further prosecution of an offense where a former prosecution of the offense resulted, inter alia, in a "plea of guilty accepted by the court." 18 Pa. C.S. §102, the definitions" section of the Crimes Code defines "court to include a district justice only where the district was exercising criminal of quasi-criminal jurisdiction pursuant to 42 Pa. C.S. §1515 which, as we have previously pointed out, requires a plea of guilty before the district justice in order to give him jurisdiction.

Finally, defendant contends that he is exposed to double jeopardy in facing prosecution for the driving under the influence charge because he contends that the summary offense of underage possession of alcohol merged with the misdemeanor offense of driving under the influence, citing Commonwealth ex rel Mozczynski vs. Ashe, 343 Pa. 102 (1941) and Commonwealth v. Clark, 238 Pa. Super. 444, 357 A.2d 648 (1976).

However, the doctrine of merger essentially applies only for sentencing purposes and, therefore, even if the one offense necessarily involves the oth-

er so as to constitute a merger, a defendant may still be convicted of both offenses but may be sentenced on only one offense.

In any event, even of the doctrine of merger was applicable the law has been changed by the legislature when it enacted 18 Pa. C.S. §110(1) (iii) A which provides:

"Although a prosecution is for a violation of a different provision or is based on different facts, it is barred by such former prosecution under the following circumstances: . . . The former prosecution resulted in an acquittal or in a conviction as defined in section 109 of this title (relating to when prosecution barred by former prosecution for the same offense) and the subsequent prosecution is for: . . . The same conduct, unless: . . . the offense of which the defendant was formerly convicted or acquitted and the offense for which he is subsequently prosecuted each requires proof of a fact not required by the other and the law defining each of such offenses is intended to prevent a substantially different harm or evil;"

In the present case, as the Commonwealth has pointed out, the elements of proof of the summary offense of underage possession of alcohol are different from the elements of proof of the misdemeanor offense of driving under the influence, i.e., the Commonwealth must go further in the driving under the influence case and prove that the defendant had a blood alcohol level of point ten percent or more or that, because of the alcohol he consumed, he was incapable of operating a motor vehicle safely. Age is an irrelevant factor to the proof of the charge of operating a motor vehicle under the influence of alcohol while it is absolutely essential to convict the defendant of the summary offense or underage possession of alcohol.

See also Beatty supra, where the court said at page 1198:

"The disposition of a summary offense in a traffic matter prior to the trial of a misdemeanor or felony does not present the type of governmental harassment of a defendant that would offend double jeopardy concerns. Additionally, judicial economy is not served by requiring our Courts of Common Pleas to dispose of these matters which are regularly entrusted to the district justices for disposition."

See further Commonwealth v. Hanlin, 272 Pa. Super. 313, 415 A.2d 905 (1979), cited by Judge Cassimatis in his opinion filed December 2, 1983 in Com. v. Keck, 193 S.C.A. 1981, where the Hanlin court held that where the summary offense and the misdemeanor offense involved proof of different facts and addressed different harms or evils, the prosecution of the misdemeanor charge is not barred where the district justice has already disposed of the summary offense.

We shall enter an order in consonance with this opinion.

### ORDER

And now, January 4, 1984, defendant's motion to dismiss the misdemeanor charge of operating under the influence of alcohol is overruled and dismissed.

An exception is granted to defendant.